54 So.2d 196 (1951)
VALDOSTA MILLING CO.
v.
GARRETSON et al.
Supreme Court of Florida, Special Division B.
December 4, 1951.
Jennings, Watts, Clark & Hamilton, Olin E. Watts and William A. Hamilton, Jacksonville, for appellant.
Greene & Ayres, Ocala, for appellees.
TERRELL, Acting Chief Justice.
December 5, 1949, plaintiffs, appellees, recovered a judgment by default in the Circuit Court of Marion County against defendant, appellant, for $11,996.67. Defendant has no knowledge of said judgment until September 7, 1950, nine months later, when it received a letter from plaintiff's attorneys demanding payment thereof. Immediately on receipt of said letter, defendant made an investigation and moved "to stay execution, vacate default and judgment and for other relief." Plaintiffs answered the motion, evidence was taken on the issues made and the motion was denied. The defendant appealed.
The appellant contends that the pretended service was wholly insufficient, in that it failed to put defendant on notice of the suit against it. Since this is true the trial court never secured jurisdiction of the defendant, so the judgment was a nullity. This is the sole question that we are required to answer.
Defendant's contention is grounded on the fact that it was a Georgia Corporation, manufacturing stock feed, that the suit in which the judgment was secured was instituted June 22, 1949, and charged that defendant negligently allowed its feed to be adulterated with poison causing the death of plaintiff's horses, that process was served on "Frank L. Futch doing business as Futch Produce Company, a business agent of the defendant, residing in the State of Florida." It is shown that Frank L. Futch was not a business agent of defendant, that his relationship to defendant was limited exclusively to acceptance of process served by the Commissioner of Agriculture pursuant *197 to regulations under the Commercial Feed Law, Chapter 580, Florida Statutes 1941, F.S.A. and was without effect to confer jurisdiction of defendant in an action for tort.
Service of process on Futch was attempted as provided by Section 47.17 Florida Statutes 1941, F.S.A., the sheriff's return reciting service on him as a "Business agent of the defendant, resident in the State of Florida." It recited the absence of higher officers of defendant in the State as required by said Act. A business agent as contemplated by the law means more than one appointed for a limited or particular purpose. It has reference to one having general authority to act for the corporation within the state. It's duties must be closely related to the duties of the officers of the corporation. He must be authorized to manage the business of the corporation or some branch of it within the state and stand in the shoes of the foreign corporation. Rorick v. Stilwell, 101 Fla. 4, 133 So. 609.
The evidence shows without contradiction that Futch had been a customer of defendant for many years prior to 1949. He bought stock feed from the defendant and sold it to his customers on terms fixed by him, he had never transacted business of any kind for defendant. In April 1949, several months before this suit was instituted he went out of the stock feed business and when he was served as business agent in July 1949, he had no business relation whatever to the defendant. He did not apprise defendant of the service because he felt no responsibility to do so.
It is quite true that the Commissioner of Agriculture is authorized by regulation to designate agents under the Commercial Feed Law, Chapter 580, Florida Statutes 1941, F.S.A., for the purpose of enforcing that act. Defendant filed its application for registration under the act for 1949, which required it to designate its principal agent in the state, but the regulation under which it is designated provides that his appointment involves no legal responsibility. It "Means the use of the name of some Florida citizen upon whom legal process could be served by the Department of Agriculture." It appears that defendant's 1949 application contained the name of Futch Produce Co. as its principal agent but it did not contain the name of Frank L. Futch. It may be said that this holding is technical but the service of process in any kind of an action is technical. It is not only technical, it is the gist of due process, it is fundamental to fair trial, it is the dynamo that activates the impartial administration of justice.
It is accordingly our view that the judgment was void for lack of jurisdiction of defendant and should have been vacated. In this holding we do not overlook the contention of the appellees that defendant's motion to vacate the judgment constituted a waiver of any defect in the service of process and that the inexcusable neglect and culpable negligence of defendant in failing to advise Futch of his agency was directly responsible for defendant's failure to receive notice of the service of process.
What has been said is sufficient answer to this contention but it is not out of place to point out that defendant's motion to vacate was filed pursuant to Section 55.38, Florida Statutes 1941, F.S.A., which authorizes the trial court to stay execution on terms deemed proper when good cause is shown. All the statute requires is showing of good cause and notice to adverse party. Fair v. Tampa Electric Co., 158 Fla. 15, 27 So.2d 514; City of Coral Gables v. Hepkins, 107 Fla. 778, 144 So. 385. Notice and an opportunity to defend is fundamental in our jurisprudence and we are convinced that it was not accorded defendant.
It is evident that defendant was not as diligent in respect to its agency in Florida, as it might have been, but the entry of a judgment against one to the tune of approximately $12,000 for selling poisoned feed is a serious matter, involving a serious charge, and certainly he should be given a chance to defend himself. Simple justice would impel that the judgment be set aside and opportunity to defend awarded.
It is so ordered.
CHAPMAN and MATHEWS, JJ., and LEWIS, Associate Justice, concur.