**COMPANIA EMBOTELLADORA CAR-
TY, S. A., Appellant,**

v.

**SEVEN–UP COMPANY, Appellee.**

**No. 18220.**

United States Court of Appeals
Fifth Circuit.

June 10, 1960.

Rehearing Denied July 28, 1960.

John D. McKee, Jr., Walter Humkey, Miami, Fla., Fowler, White, Gillen, Humkey & Trenam, Miami, Fla., of counsel, for appellant.

Louis S. Bonsteel, David W. Dyer, Miami, Fla., Smathers, Thompson & Dyer, Miami, Fla., of counsel, for appellee.

Before TUTTLE, CAMERON and WISDOM, Circuit Judges.

PER CURIAM.

This appeal presents the question whether service of process on the Seven-Up Bottling Co. of Miami, Inc. as the alleged agent of the defendant, the Seven-Up Company, a Missouri corporation, is adequate service so as to confer jurisdiction on the District Court for the Southern District of Florida.[1] The District Judge held that service on the Miami dealer was not service on the defendant and dismissed the suit.

The defendant has its principal place of business in St. Louis, Missouri and is the sole owner of trademarks, copyrights, and formula relating to a soft drink called "7-Up". The Seven-Up Bottling Company of Miami, Inc. bottles and sells the drink, using an extract or syrup purchased from the defendant under a contract giving the dealer the exclusive right to sell "7-Up" in Miami. The local dealer supplies its own bottles, crowns, and ingredients other than the extract. The

---

1. Section 47.171, Florida Statutes, F.S.A., provides:

   "When any domestic or foreign corporation shall fail to comply with §§ 47.34 and 47.35 relating to the designation of the place for service of process, or in the alternative, with § 47.36, relating to the designation of the office of the clerk of the circuit court as a place for service of process, then process directed to any domestic corporation failing to comply with said sections may be served upon any officer or agent of such domestic corporation resident in the state or transacting business for it in the state. Process directed to any foreign corporation failing to comply with said sections may be served upon any agent of such foreign corporation transacting business for it in Florida. Laws 1957, c. 57–97, § 2."

Missouri company exercises no control over the local bottler except in the sense that unless the local bottler complies with certain standards, common to Seven-Up dealers, it may lose its franchise. The Miami dealer had no power to bind the Missouri corporation. The bottling company's sales were for its benefit; the Missouri company benefited only from the sales of the extract to the dealer.

We have carefully considered the pleadings, the depositions, and the exhibits, especially the "Territory Agreement" between the Seven-Up Company of Missouri and its Miami dealer. We agree with the district court that in the circumstances of this case service on the local dealer, the Seven-Up Bottling Company of Miami, Inc., cannot be said to be adequate service upon the Seven-Up Company of Missouri. Stanga v. McCormick Shipping Corp., 5 Cir., 1959, 268 F.2d 544; Valdosta Milling Co. v. Garretson, Fla., 54 So.2d 196; 113 A.L.R. 9, 108. Cf. Roumel v. Drill Well Oil Company, 5 Cir., 1959, 270 F.2d 550.

Affirmed.