153 So.2d 731 (1963)
Sherwood COLBURN, Insurance Commissioner of the State of Michigan, as Receiver of Michigan Surety Company, Appellant,
v.
HIGHLAND REALTY CO., Inc., et al., Appellees.
Nos. 3383 and 3384.
District Court of Appeal of Florida. Second District.
April 17, 1963.
Rehearing Denied June 6, 1963.
*733 Stephen W. Sessums of Albritton, Sessums & Gordon, Tampa, for appellant.
Charles Talley of Coles, Himes & Talley, Tampa, for appellee, Highland Realty Co.
Leonard H. Gilbert of Mabry, Reaves, Carlton, Fields & Ward, Tampa, for appellee, McMurry & Co. of Tampa.
Joseph A. McGowan, Miami, for appellees, Carey, Goodman, Terry & Dwyer.
Talbot W. Trammell, Miami, for appellees, The Kippy Corporation, Dempsey Transportation, Inc., Charles C. Papy, Jr., Alex Mathas, David Katz and Carl Katz, individually and as father and next friend of David Katz, a minor, and John Lacz.
Sherwood Spencer of Ellis, Spencer & Butler, Hollywood, for Springer Motor Co. Hollywood Bus Lines.
WHITE, JOS. S., Associate Judge.
This appeal brings for review a "Second Amended Summary Final Decree" entered in a suit brought by the purchaser of real estate against the vendor, Michigan Surety Company, a corporation of the State of Michigan, referred to herein as the Company, to obtain specific performance of an executory written contract of sale. Other persons said to have liens or claims upon the real estate were made party defendants. The decree in question required specific performance of the contract in favor of the purchaser. The appeal has been taken by Sherwood Colburn, Insurance Commissioner of the State of Michigan, as Receiver of the Company.

UPON THE MOTIONS TO DISMISS
Motions to dismiss the appeal have been filed by one of the defendant lienors. The motions are based upon the proposition that the appeal is taken from an interlocutory order entered subsequent to the final decree, was taken more than sixty days from entry of the final decree and does not properly bring the final decree before *734 this Court for review. See Hollywood, Inc. v. Clark, 1943, 153 Fla. 501, 15 So.2d 175; Ramagli Realty Co. v. Craver, Fla. 1960, 121 So.2d 648; Quackenbush v. Town of Palm Beach, Fla.App., 151 So.2d 348.
Likewise, it is contended that the lower court had lost jurisdiction when it entered the "Second Amended Summary Final Decree", and that, therefore, the appeal brings nothing here for review because the decree from which the appeal has been taken is a nullity. This contention is based upon the rule that after a decree becomes absolute the court is without jurisdiction to enlarge it. See Mabson v. Christ, 1928, 96 Fla. 756, 119 So. 131; Morrison v. Morrison, Fla. App. 1960, 122 So.2d 199.
The record discloses that a "Summary Final Decree", granting specific performance to the purchaser, was rendered March 8, 1962. On April 25, 1962, plaintiff moved for the entry of the "Second Amended Summary Final Decree". The motion was based upon the proposal that the decree of March 8, 1962, should be made current by including new computations of amounts accruing during the interim.
Accordingly, on May 25, 1962, the Chancellor entered the "Second Amended Summary Final Decree", from which this appeal was taken June 22, 1962. Thus, it is argued that the decree of March 8, 1962, had become absolute and beyond the power of the lower court to enlarge; that, therefore, the decree of May 25, 1962, was a nullity; that the decree of March 8, 1962, remained the "final decree" of the court; that there was no appeal from that decree; that the appeal, being from the decree of May 25, 1962, a void decree, was taken more than sixty days from entry of the "final decree" and brings nothing to this Court for review.
A final decree based upon a decree pro confesso becomes absolute 10 days after entry. Rule 3.10, Florida Rules of Civil Procedure, 31 F.S.A. Decrees in general become absolute after expiration of the time for filing a petition for rehearing, which is 10 days after recording. Rule 3.16, F.R.C.P.; Mabson v. Christ, supra; Morrison v. Morrison, supra.
The argument advanced in support of the motions to dismiss ignores the fact that on March 14, 1962, pursuant to Colburn's application, the Chancellor ordered that the performance and enforcement of the decree of March 8, 1962, be stayed. The purpose of the stay was to give Colburn an opportunity to petition for vacation of a decree pro confesso which had been entered against him. The stay order tolled the running of the time for the decree of March 8, 1962, to become absolute. On March 16, 1962, Colburn filed his petition to vacate the decree pro confesso. It was heard March 26, 1962, and on April 24, 1962, the court entered an order denying the petition. On May 25, 1962, the Chancellor vacated the stay order. This ended the tolling of time for the decree of March 8, 1962, to become absolute.
Thus, it appears that from March 8, 1962, the date upon which the "Summary Final Decree" was entered, to March 14, 1962, the date upon which the stay order was granted, six days had elapsed. The stay order remained in effect until May 25, 1962. On that date the Chancellor vacated the stay order and, at the same time entered the "Second Amended Summary Final Decree". It was filed for record May 28, 1962, three days after the stay order had been vacated. Thus, actually only nine days had elapsed between rendition of the "Summary Final Decree" and the "Second Amended Summary Final Decree". Therefore, the former decree had not become absolute when the latter one was entered, and the lower court had jurisdiction to enter it.
The "Second Amended Summary Final Decree" provides that the decree of March 8, 1962, "be and it is hereby amended in its entirety as follows:" Then follows a full, complete and current decree. Thus, there was a merger of the former decree *735 into the new one. The old decree was superseded and replaced. The "Second Amended Summary Final Decree" is not an interlocutory decree entered subsequent to the final decree. On the contrary, it is the final decree in the case. See De Bowes v. De Bowes, 1942, 149 Fla. 545, 7 So.2d 4; Thomas v. Cilbe, Inc., Fla.App. 1958, 104 So.2d 397.
It should be understood that this procedure allows no possibility for a revival of the former decree.
When one disregards the period during which the stay order was in effect, it is seen that the appeal was taken within the allotted time. The appeal opens the record for review. 2 Fla.Jur., Appeals, Sec. 304.
The motions to dismiss are denied.

UPON THE MERITS
Appellant complains that error was committed in the lower court because
(1) the lower court had no jurisdiction over Colburn in his capacity as "Receiver" of the Company;
(2) the purchaser failed to obtain the consent of the Michigan court in which "delinquency proceedings" were pending under the Michigan "Uniform Insurers Liquidation Act", to bring this suit;
(3) the lower court had no jurisdiction to grant relief in favor of certain additional defendants brought into the case during the pendency of the suit; and
(4) the lower court had no jurisdiction over the subject matter because of the "delinquency proceedings" in the Michigan court.
First, appellant urges that the lower court had no jurisdiction over him "as Receiver". This argument ignores the fact that appellant, "as Receiver" voluntarily appeared in the lower court and applied for, and obtained, a stay of the performance and effect of the decree of March 8, 1962. This gave the court jurisdiction over him. Ortell v. Ortell, 1926, 91 Fla. 50, 107 So. 442.
Secondly, appellant insists that permission to bring this suit should have been obtained from the Michigan court. This contention is based upon the rule of law that court receivers may not be brought into ancillary litigation without consent of the court appointing them. The purpose of the rule is to protect the jurisdiction of the court over property thus seized through receivership. However, when this suit was brought, the Florida real estate was not in the custody of the Michigan court. "Delinquency proceedings" were pending in the State of Michigan under the Michigan "Uniform Insurers Liquidation Act", but no "custodian" or "receiver" had been appointed. Ancillary "delinquency proceedings" had not been instituted in Florida. Section 631.091, Florida Statutes, F.S.A. The regular corporate officers remained in control and management of the Company's affairs. Its corporate entity had not been disturbed.
The contract which is the subject of this litigation, had received the preliminary sanction and approval of the Michigan court. It was executed, and its corporate seal affixed, by and on behalf of the Company by its corporate officers. It dealt with Florida real estate. When the contract was subsequently breached, the Michigan court had no power to control the right of the purchaser, a Florida resident, to enforce it in the proper Florida forum.
Thirdly, appellant contends that the lower court was without jurisdiction to decide the claims of Board of Public Instruction of Manatee County and McMurry & Company of Tampa, brought into the case by pleadings subsequent to the initial pleading. Upon examining this point it is found from the record that after process was served upon the Company, and after it had defaulted in pleading, plaintiff, by leave of court, filed an amendment to the complaint, showing that the additional defendants had *736 filed, pendente lite, claims against the lands in controversy. Additional relief on that account was sought against the Company. This subsequent pleading was not served in accordance with Rule 1.4(a), F.R.C.P. The reason for the rule is obvious. When process is served upon a defendant, he is thus brought into court to answer only the case made by preceding pleadings. Adjudication of any other claim would be outside the issues and beyond the jurisdiction of the court. Hence, if a defendant upon whom process has been served decides to confess the complaint by failure to plead, he has he right to assume that only the claim thus confessed will be decided. If a different claim is decided, there is a lack of due process of law. That is what happened here. A decree pro confesso was entered against the Company. The amended pleading stated an additional claim against it. A copy was not served as required. The decree now before the Court decided the claims of the additional parties against the Company, notwithstanding that the Rule had not been obeyed. The additional claims were not properly in issue and should not have been included in the decree.
Finally, appellant contends that the result of the suit for specific performance was to contravene the Florida "Uniform Insurers Liquidation Act". See Chapter 631, Florida Statutes, F.S.A. The constitutionality of this law as it may affect the rights of the parties was not presented to the lower court, and is not now before this Court. At this point it is assumed, but not decided, that the law is a valid enactment.
The contract in question called for delivery of a marketable title, free from encumbrances. Accordingly, the lower court in the process of perfecting title, directed payment of liens encumbering the property from the proceeds of the contract. Appellant asserts that this procedure violated Sec. 631.201, Fla. Stat., F.S.A., which provides:
"During the pendency of delinquency proceedings in this or any reciprocal state, no action or proceeding in the nature of an attachment, garnishment or execution shall be commenced or maintained in the courts of this state against the delinquent insurer or its assets. Any lien obtained by any such action or proceeding within four months prior to the commencement of any such delinquency proceeding or at any time thereafter shall be void as against any rights arising in such delinquency proceeding."
Notwithstanding the provisions of Chapter 631, it was entirely proper for the purchaser to seek specific performance in the court for the county wherein the land was situated. That was the proper forum for determining claims against the property. However, the court should proceed with the suit for specific performance no further than the point of encroachment upon the statute. Claims prior in dignity to the contract had to be paid in order to perfect title. However, when provision was made in the decree for the payment of claims subordinate to the contract, there was an encroachment upon the provisions of the statute. Equity looks to substance rather than to form. When one considers "substance rather than form" in connection with this procedure, it is realized that payment to subordinate claimants actually gave to the proceedings the effect of "an attachment, garnishment, or execution", contrary to the statute. The decree should not have provided for payment of claims subordinate to the contract. A portion of the proceeds sufficient to discharge those claims should have been held by the court to await determination of what, if any, application Chapter 631 had to the rights of the parties.
The attention of this Court has been called to the following provision inserted in the final decree:
"There is reserved to the Plaintiff, Highland Realty Co., Inc., the right to elect to rescind said contract in the event any appellate proceedings are taken in this cause."
*737 Such a stipulation renders the purchase agreement a unilateral one. Courts do not recognize unilateral contracts in cases such as this. 29 Fla.Jur., Specific Performance, Sec. 30. Furthermore, such a provision in a decree might well serve to make the decision of this Court merely theoretical and speculative. The efficacy of this Court's judgment cannot be made to depend upon the approval or disapproval of the purchaser. Thus, such a provision cannot be sanctioned.
The decree from which the appeal has been taken is affirmed, except in regard to those particulars herein disapproved. The cause is remanded to the lower court to proceed as it shall be advised consistent herewith.
Affirmed in part and reversed in part.
SHANNON, C.J., and ALLEN, J., concur.