ANDREWS, Judge.
This is an appeal from a final decree dismissing a second amended complaint for specific performance or for rescission of contracts and damages, or for damages for • breach of the contracts to complete the establishment and organization of a unique cooperative community in Palm Beach-County.
The defendant, Beach Holding Company, Inc., a Florida corporation, was engaged in the development and sales of a property described as a cooperative community of homes consisting of 103 villa homesites. The plaintiffs were purchasers of seven of' such interests in the project.
The concept of the project was for the purchasers to have an equitable interest in a particular villa, built to their specifications, legal title to which was to be vested in a non-stock membership corporation, the-defendant, Boca Raton Sun & Surf, Inc.,. *57 .-a Delaware corporation. Said corporation was to provide guard service, maintenance of common property, outside maintenance of the individual villas and yards, maintain .and operate a beach club and certain other services for which the owners of each of the villas would be assessed a yearly charge. Each site was entitled to one vote in the management and operation of the Boca Raton Sun & Surf, Inc., even though a particular site was vacant.
The sale of interest in villa sites was not as rapid as had been anticipated, and the developer, Beach Holding Company, Inc., voted to dissolve Boca Raton Sun & Surf, Inc., abandon the cooperative con•cept and proceed to sell and convey fee ■simple interest in the lots or villa sites as is usual in a subdivision development. Under -the corporation laws of Delaware, Boca Raton Sun & Surf, Inc. could be dissolved in that Beach Holding Company, Inc. had '96 of the outstanding 103 membership votes .at a meeting of the membership called for :such purpose. Delaware Corporation Laws Annotated § 275, 8 Del.C. § 275.
The second amended complaint recited that the defendant Boca Raton Sun & Surf, Inc. had tendered deeds to each of the seven plaintiffs as full satisfaction and discharge of the obligation to said plaintiffs. 'The plaintiffs severally allege that they refused acceptance of said deeds until such time as the court determines the merits of vthe cause.
The record on appeal discloses that the -seven deeds to the respective plaintiffs were recorded on various dates from November 16, 1960 through June 21, 1961.
At the beginning of the trial counsel for the plaintiffs abandoned their prayer for specific performance, and elected to proceed on the basis of a breach of contract and claim damages.
A reading of the various documents which constitute the agreements between the parties shows there were to be certain advantages of ownership and of an interest in the project for which consideration was paid.
On March 14, 1963, after a lengthy trial, a final decree was entered dismissing the complaint reciting that the plaintiffs, in retaining the deeds pending a decision on the merits in this cause, created an untenable situation.
The court properly denied specific performance in that the request therefor had been abandoned and its authority to order specific performance by requiring the execution and delivery of the deeds to the equitable owners had already been accomplished. To hold otherwise would make the decision of the court merely theoretical or speculative. Colburn v. Highland Realty Co., Inc., Fla.App.1963, 153 So.2d 731, at page 738.
The pleadings, exhibits and testimony indicate a breach of the contract between the parties by Beach Holding and Boca Raton Sun & Surf. The court did not rule on the question of liability and, therefore, should transfer the cause to the Law side of the court, and proceed to determine if there was a breach of the contracts constituting injury to the plaintiffs for which the defendants would be liable, and if so, the amount of the damages resulting from such breach, if any.
All other issues presented to the court by this appeal have been considered, but in view of the holding herein further consideration thereof is unnecessary. Accordingly, for further proceedings consistent with this opinion, the cause is reversed.
Reversed.
ALLEN, Acting C. J., and WILLIAMS, VOLIE A., Jr., Associate Judge, concur.