HERSEY, Judge.
First New Haven National Bank brought suit against Lease-Co General Inc. for default under a retail installment sales contract dealing with an aircraft. Appellant was joined as a defendant on her personal guarantee of indebtedness. The complaint sought damages and requested judicial foreclosure of a security interest. The prayer for relief included demands for an accounting, sale of the aircraft if payment was not forthcoming, and a deficiency judgment for any sums remaining unpaid.
Appellant was personally served with process and in due course a default was entered against her.
The bank reacquired the aircraft through self-help and it was apparently then sold in London, England. Notice of the sale was given to all debtors. Subsequent to the sale the bank obtained a summary final judgment against all debtors for an amount representing the balance of the deficiency remaining after applying the net sales proceeds to the debt plus the expenses of repossession and resale.
Appellant then filed a motion for relief from that summary final judgment under *959 Rule 1.540, Florida Rules of Civil Procedure, complaining of the adequacy of notice to her. From an order denying that motion this appeal was taken.
It is appellant’s contention that the bank changed its cause of action after a default had been entered against her so that new service of process was required. Alternatively, appellant seeks relief on the basis that the summary final judgment was procured through the use of an affidavit containing a false statement of material fact. While we affirm because we find that neither alternative has merit we address each point briefly.
The cases cited by appellant under her first point support the proposition that new notice or service of process is required after the entry of a default where the cause of action is substantively changed, such as a change from separate maintenance to dissolution of marriage, Kitchens v. Kitchens, 162 So.2d 539 (Fla.3d DCA 1964), or where additional relief is sought, Colburn v. Highland Realty Co., 153 So.2d 731 (Fla.2d DCA 1963). Nothing like that happened here. The only “changes” that occurred were a reduction in the amount claimed and, during the course of the proceedings, the bank’s resort to self-help in repossessing and selling the aircraft, causing a further reduction in the amount due. This also eliminated the necessity for a judicial sale. However, this did not require any amendment to the pleadings. No new cause of action arose or otherwise became involved. The complaint remained one for damages for debt and only the amount changed. This is precisely what would have resulted had there been a judicial sale.
Further, the fact that “different defenses” would have been available to appellant in the context of a judicial sale does not mean that the cause of action must be different. A plaintiff need not make an election as between self-help and judicial enforcement of his security interest prior to or at the instant of filing his complaint. Indeed the consequences of such an election, whenever made, primarily affect the rights and liabilities of the plaintiff and the ultimate purchaser rather than the debtor-defendant. The method by which a sale under either election is required to be carried out is ordinarily the only real concern of the debtor-defendant. Under appropriate circumstances the right to object to that method may be raised even by a party in default. A defendant in default may not thereafter contest liability but will have the opportunity to be heard on the question of damages. Rule 1.080(h), Florida Rules of Civil Procedure; B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318 (Fla. 5th DCA 1980). This presupposes proper notice, not new service of process. Whether appellant’s rights in that regard were waived depends on whether or not the notice to her was sufficient, a question addressed under appellant’s second point. We note incidentally that the only “defense” other than lack of notice mentioned by appellant in the briefs had to do with whether or not the sale was conducted in a commercially reasonable manner. If appellant had adequate notice then she waived the right to raise this defense.
The second point raised by appellant was the existence of an allegedly false statement in the affidavit on which the summary final judgment was based. The statement complained of made by an agent of the bank, recites, in effect, that appellant was given “due notice” of the sale. Appellant argues that the notice was sent to the wrong address, that she never received it, and that the affidavit is therefore false. The underlying issue raised is whether appellant had adequate notice of the sale. In our view “due notice” is a conclusion, not a statement of fact. Whether there was due or proper or sufficient notice, while determined by observable facts, constitutes a legal conclusion. It may be wrong; but, it is not “false.”
More to the point, the trial court found that due notice had been given. This is implicit in the denial of the motion for post-judgment relief. The conclusion of the trial court in that regard comes to this court clothed in a presumption of correctness. Punkar v. King Plastic Corporation, 290 So.2d 505 (Fla. 2d DCA 1974).
*960 In reviewing the trial court’s finding, the test to be applied is whether there is competent, substantial evidence to support it. On one side is appellant’s affidavit; on the other, the bank’s affidavits and the return receipts. The trial court apparently gave credence to the latter and little or no weight to the former. This is supported by the evidence. First, appellant’s affidavit professes that had she received notice of the sale she “would have attempted to protect my interest by either paying the debt, finding a buyer or being present at the sale to bid on the property.” However, appellant had ample opportunity to do any of those things except the latter between the time the complaint was filed in July of 1977 and the time of sale in February of 1978. She didn’t even bother to respond to the complaint. She took no action to protect her interests until December of 1978 when she filed the motion under consideration here. We do not mean to imply that she is es-topped by that inaction; simply that it reflects adversely on the credibility to be accorded her affidavit at this late date. Secondly, the principal defendant in this litigation is Lease-Co General Inc. This defendant had notice at every stage of the proceedings, including notice of the proposed sale. Appellee suggests that appellant was a vice-president of this defendant and therefore had actual knowledge as to what was going on. This would be sufficient “notice” to appellant under Bondurant v. Beard Equipment Company, 345 So.2d 806 (Fla. 1st DCA 1977). However, appellant’s brief contains the claim that “this fact does not appear in the record and there certainly was no finding to that effect made by the trial court. As a point of fact, Winfield never occupied the position of Vice President of Lease Co.” We find this assertion curious. The contract upon which this suit was based is attached to the complaint and is certainly part of the court record. That contract clearly bears the signature, for Lease-Co General Inc., of that corporation’s secretary together with the signature of “Patricia Winfield, V.P.” Regardless of whether the initials V.P. stand for vice president in this instance, it may be assumed that appellant signed for the corporation in some official capacity. The trial court could well have found that she was an officer and therefore had actual knowledge of the progress of this litigation.
We find no merit in either of appellant’s positions and therefore affirm.
AFFIRMED.
LETTS, C. J., and DOWNEY, J., concur.