SCHOONOVER, Judge.
The appellant, Darlene Miceli, seeks review of the trial court’s denial of her motion for relief from judgment. We find that the court erred in denying the motion and, accordingly, reverse.
Appellee, Michael J. Miceli, initiated proceedings in the trial court by filing a petition for dissolution of marriage. The petition and summons were served upon the wife in Illinois, her state of residency. The wife filed a motion to dismiss for lack of personal jurisdiction, which the trial court denied and we affirmed on appeal. Miceli v. Miceli, 464 So.2d 562 (Fla. 2d DCA 1985).
The husband subsequently moved for a default because the wife failed to answer the petition within the time allowed by the court. After the default was granted, the husband moved to amend his original petition for dissolution to add a prayer for relief seeking, among other things, an adjudication of property, support, and alimony rights, and a determination of the responsibility for the parties’ debts. The original petition had sought a dissolution of marriage only. The husband’s motion to amend was granted, and an order entered thereon was mailed to the wife and her attorneys by the husband’s attorney. Two days later, the husband filed a motion for default. The husband presented evidence to the court and, prior to the time in which the wife was required to answer the amended petition, obtained a final judgment granting the relief sought in his amended petition. The wife filed a motion seeking relief from the final judgment pursuant to Florida Rule of Civil Procedure 1.540(b). Her motion was denied, and this appeal timely followed.
We find that the trial court should have granted the wife’s motion. First, the amended petition should have been served upon the wife in the manner provided for service of a summons because the petition was amended after entry of a default and the amended petition asserted new and additional claims. Fla.R.Civ.P. 1.080(a); Colburn v. Highland Realty Co., 153 So.2d 731 (Fla. 2d DCA 1963), reversed on other grounds, 177 So.2d 193 (Fla.1965). As the amended petition was not properly served, the court had no jurisdiction to enter a final judgment on the amended petition. See Valdosta Milling Co. v. Garretson, 54 So.2d 196 (Fla.1951); Milton Land & Investment Co. v. Our Home Life Insurance Co., 81 Fla. 227, 87 So. 636 (1921). Second, because the wife was not in default on the day the husband obtained a final judgment, the court also erred in refusing to set the judgment aside. Gavin v. Gavin, 456 So.2d 535 (Fla. 1st DCA 1984); Overholser v. Overstreet, 383 So.2d 953 (Fla. 3d DCA 1980).
We, accordingly, reverse and remand for proceedings consistent herewith.
Reversed and remanded.
FRANK and SANDERLIN, JJ., concur.