506 So.2d 1161 (1987)
NEW ENGLAND RARE COIN GALLERIES, INC., a Massachusetts Corporation, Appellant,
v.
Jack ROBERTSON, Appellee.
No. 86-1081.
District Court of Appeal of Florida, Third District.
May 12, 1987.
*1162 Steel, Hector & Davis and Brian J. Stack, Miami, for appellant.
Dubow, Hoffmann & Farkas and Alan E. Dubow, Miami, for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
The order under review, denying the defendant's amended motion to set aside a default and ensuing default judgment, is reversed. First, the fact that the authority of New England Rare Coin Galleries, Inc., a Massachusetts corporation, to conduct business had been revoked, did not, contrary to the trial court's view, deprive it of standing to move to set aside the default, § 607.354(2), Fla. Stat. (1985) ("The failure of a foreign corporation to obtain authority to transact business in this state ... shall not prevent such corporation from defending any action, suit, or proceeding in any court of this state."); see Brecht v. Bur-Ne Co., 91 Fla. 345, 108 So. 173 (1926). Second, although the trial court's erroneous view that New England lacked standing prevented it from reaching the merits of New England's motion, we do not remand the matter to the trial court for ruling since a default is patently void, see, e.g., Callaghan v. Callaghan, 337 So.2d 986 (Fla. 4th DCA 1976); Ressler v. Sena, 307 So.2d 457 (Fla. 4th DCA 1975), where, as here, the action is one for damages arising out of breach of contract, breach of warranty, fraud and negligent misrepresentation, and thus, service of process by publication, expressly limited to quite different actions and proceedings enumerated in Section 49.011, Florida Statutes (1985), is not available to the plaintiff to procure in personam jurisdiction over the defendant. Bedford Computer Corp. v. Graphic Press, Inc., 484 So.2d 1225 (Fla. 1986); Huguenor v. Huguenor, 420 So.2d 344 (Fla. 5th DCA 1982); Alan Restaurant Corp. v. Walder, 399 So.2d 1128 (Fla. 4th DCA 1981); Gaskill v. May Brothers, Inc., 372 So.2d 98 (Fla. 2d DCA 1979).
We have, by separate order, granted appellant's motion for attorney's fees under Section 57.105, Florida Statutes (1985), upon a finding that appellee's arguments that appellant lacked standing to contest the default and default judgment and that service of process by publication was proper are manifestly frivolous.
Reversed with directions to vacate the default and default judgment.