LAZZARA, Judge.
The appellant, James Scheb, challenges the trial court’s order vacating a final judgment rendered against Shalam Imports, Inc. (Shalam). Because we conclude the trial court erred in determining that the final judgment was void, we reverse and remand with directions to reinstate the judgment.
Appellant filed a complaint against Shalam and another corporate entity alleging causes of action for negligence, strict liability in tort, and breach of implied warranty as a result of injuries he sustained while using a product distributed by Shalam and purchased from the other corporate defendant. The appellant properly served the complaint on Sha-lam and, after it failed to answer, obtained a clerk’s default.
Appellant later amended his complaint pursuant to Florida Rule of Civil Procedure 1.190(a) to correct the name of the other corporate defendant. In all other respects, the allegations of this complaint were identical regarding the claims against Shalam. The appellant then served the amended complaint on Shalam by United States mail and, in due course, the trial court rendered a final judgment against Shalam.[1]
Twenty-nine months after the entry of the clerk’s default on the original complaint, and fourteen months after the entry of the final judgment, Shalam filed a motion to vacate the default and judgment. The only claim asserted was that because the amended complaint superseded the original complaint, Florida Rule of Civil Procedure 1.080(a) required appellant to serve Shalam with the amended complaint “in the manner provided for service of summons.” It argued, therefore, that appellant’s failure to comply with *957 the rule did not give the trial court personal jurisdiction and the final judgment was void. The trial court agreed with Shalam’s argument and granted the motion. We respectfully disagree with the trial court’s ruling because, as will be discussed, rule 1.080(a) did not require appellant to effect new service of process on Shalam as to the amended complaint.
The rule provides in part that “[n]o service need be made on parties against whom a default has been entered, except that pleadings asserting new or additional claims against them shall be served in the manner provided for service of summons.” (Emphasis added.) As we explained in Colburn v. Highland Realty Co., 153 So.2d 731 (Fla. 2d DCA 1963), rev’d on other grounds, 177 So.2d 193 (Fla.1965), when considering this rule’s predecessor,[2] the reason for the rule is obvious:
When process is served upon a defendant, he is thus brought into court to answer only the case made by the preceding pleadings. Adjudication of any other claim would be outside the issues and beyond the jurisdiction of the court. Hence, if a defendant upon whom process has been served decides to confess the complaint by failure to plead, he has the right to assume that only the claim thus confessed will be decided. If a different claim is decided, there is a lack of due process of law.
153 So.2d at 736. Thus, the issue in this case is whether the amended complaint asserted “new or additional claims” against Shalam such that it should have been served “in the manner provided for service of summons,” failing which there was a lack of jurisdiction and due process of law. We conclude that no new or additional claims were raised in the amended complaint so that new service of process was not required by the rule.
As noted, the only change to the original complaint was the correction of the name of the other corporate defendant, and the claims against Shalam remained the same. More important, it is obvious from a reading of both complaints that the amended one did not supersede the original one in that the amended version, by realleging the exact same causes of action, clearly indicated an intention to preserve all portions of the claims of the original pleading relating to Shalam. E.g., Arthur v. Hillsborough County Bd. of Criminal Justice, 588 So.2d 236 (Fla. 2d DCA 1991). Thus, rule 1.080(a) did not require service of process after the entry of the clerk’s default because no new cause of action was raised against Shalam in the amended complaint. See Winfield v. First New Haven Nat’l Bank, 392 So.2d 957 (Fla. 4th DCA 1980); cf. Miceli v. Miceli, 489 So.2d 1235, 1236 (Fla. 2d DCA 1986) (petition amended after entry of default “asserting] new and additional claims” should have been served in the manner provided for service of summons) (emphasis added).
Accordingly, the trial court had jurisdiction to enter a final judgment against Shalam by virtue of proper service of the original complaint, and it erred in vacating this judgment. We, therefore, reverse the trial court’s order and remand with directions to reinstate the judgment.
Reversed and remanded with directions.
PATTERSON, A.C.J., and ALTENBERND, J., concur.

. The appellant’s claims against the other defendant were settled through mediation.

. See Florida Rule of Civil Procedure 1.4(a) (1954), which provided in part, "but no service need be made on parties against whom a default or decree pro confesso has been entered except that pleadings asserting new or additional claims for relief against them shall be served in the manner provided by law for service of summons.”