PER CURIAM.
Granada Felipe (“Mother”) appeals the default final judgment of paternity, time-sharing, and child support entered in favor of Randolhf Rincon (“Father”). Mother, who initially submitted a petition to establish paternity and timesharing, participated in the litigation over the course of one year before Father filed a counter-petition requesting to establish paternity and time-sharing. Father’s counter-petition did -not include a certificate of service. Twenty-five days after filing his counter-petition, *566 Father moved for judicial default, again failing to include a certifícate of service.[1] The trial court entered the default, with its own certificate of service noting the wrong address for Mother despite Mother filing an updated address fewer than three weeks prior. Mother, representing herself pro se, filed a motion contesting service and notice. Despite Mother’s motion and her presence at the hearing, the trial court entered a default final judgment. The record does ,not reflect that Mother received service of the counter-petition, the motion for default, the order granting default, or notice of the final hearing under Florida Family Law Rule of Procedure 12.080(c)(2), which requires notice to defaulted parties of final hearings.[2] We therefore reverse the default final judgment and remand for the trial court to vacate the judicial default.
REVERSED and REMANDED with INSTRUCTIONS.
ORFINGER, WALLIS, and EDWARDS, JJ., concur.

. Father was not proceeding pro se. Counsel filed the counter-petition and motion for judicial default.

. Without a certificate of service, Father is not afforded the prima facie proof of service under Florida Rule of Judicial Administration 21516(f).