DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WANDA M. KITCHENS** and **WILLIAM H. KITCHENS,**
Appellants,

v.

**NATIONSTAR MORTGAGE, LLC,**
Appellee.

No. 4D15-617

[April 27, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. CACE2013002861 (11).

Charles D. Franken and Nina E. Lacher of Charles D. Franken, P.A., Plantation, for appellants.

Steven Ellison and Tara S. Pellegrino of Broad and Cassel, West Palm Beach, for appellee.

WARNER, J.

Homeowners Wanda and William Kitchens appeal the trial court's denial of their motion to vacate a final judgment reestablishing lost note and foreclosing on their mortgage. Appellee Nationstar Mortgage, LLC, added the lost note count after it obtained a default against homeowners, but it did not serve them with the amended complaint. Because homeowners were not served with the new and additional claim, the judgment on the lost note count is void. Without the lost note count, the final judgment of foreclosure must also be reversed.

Nationstar filed a complaint against homeowners to foreclose on a mortgage and note executed by homeowners and held by Nationstar. The Clerk entered a default against homeowners for failure to respond. Nine months later, Nationstar moved for leave to amend the complaint to assert a count to reestablish a lost note. The court granted the motion, noting that homeowners had failed to appear at the hearing. Although a copy of the complaint was mailed to homeowners, it was never served on them.

The case proceeded to a final hearing on the foreclosure and the lost note count. Homeowners were mailed notice but did not appear. Final judgment was entered; a foreclosure sale was held; and a certificate of title was issued to Nationstar. Four months later, homeowners moved to vacate the foreclosure sale and final judgment, alleging that they never received notice of the trial, final judgment, or sale, due to the use of a defective mailing address by Nationstar. The trial court denied the motion to vacate, which prompts this appeal.

On appeal, homeowners raise for the first time their argument that the judgment is void for lack of service of process of the amended complaint. As this is a fundamental error, we can address it on appeal. *See Sanford v. Rubin*, 237 So. 2d 134, 137 (Fla. 1970) ("'Fundamental error,' which can be considered on appeal without objection in the lower court, is error which goes to the foundation of the case or goes to the merits of the cause of action."); *see also Valdosta Milling Co. v. Garretson*, 54 So. 2d 196, 197 (Fla. 1951); *Miceli v. Miceli*, 489 So. 2d 1235, 1236 (Fla. 2d DCA 1986).

Florida Rule of Judicial Administration 2.516 explains when service is required:

> [E]very pleading subsequent to the initial pleading . . . must be served in accordance with this rule on each party. No service need be made on parties against whom a default has been entered, *except that pleadings asserting new or additional claims against them must be served in the manner provided for service of summons.*

Fla. R. Jud. Admin. 2.516(a) (emphasis added). In *Miceli*, a husband served his wife with a petition for dissolution of marriage only and obtained a default. *Miceli*, 489 So. 2d at 1236. The husband then amended his petition to include additional claims for equitable distribution and alimony. *Id.* He did not serve the wife but obtained a final judgment granting much of the relief in the amended petition. *Id.* The appellate court reversed, holding that without service on the wife of the amended petition, the trial court did not have jurisdiction to enter a final judgment on the relief requested in the amended petition. *Id.*; *see also Kitchens v. Kitchens*, 162 So. 2d 539 (Fla. 3d DCA 1964). Similarly, in *Valdosta Milling*, the Florida Supreme Court found that failure to serve a party with process rendered a judgment based thereon void, explaining that service of process "is the gist of due process, it is fundamental to fair trial, it is the dynamo that activates the impartial administration of justice." *Valdosta Milling*, 54 So. 2d at 197.

2

Because the defaulted homeowners were not served with process as to the amended complaint, the trial court could not enter judgment on the lost note count. As the judgment of mortgage foreclosure could not be entered without reestablishing the lost note, the foreclosure complaint must also be reversed. *See Guerrero v. Chase Home Fin., LLC*, 83 So. 3d 970, 973-74 (Fla. 3d DCA 2012).

We thus vacate the final judgment and remand for further proceedings.

CIKLIN, C.J., and KLINGENSMITH, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***