# Third District Court of Appeal

## State of Florida

Opinion filed November 28, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2578
Lower Tribunal No. 09-31895
_____

**Tugend Demir,**
Appellant,

vs.

**Georg Schollmeier,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Light & Gonzalez, PLLC, and Gregory Light (Plantation), for appellant.

Fowler White Burnett, P.A., and Susan H. Aprill (Fort Lauderdale) and Alexandra L. Tifford, for appellee.

Before SALTER, EMAS and FERNANDEZ, JJ.

EMAS, J.

Tugend Demir, the defendant below, appeals from an order denying his motion to vacate a default final judgment entered against him in the amount of $490,551.52. He argued below, and here on appeal, that because the trial court never acquired personal jurisdiction over him, the subsequent default final judgment was void and not merely voidable. We agree.

Georg Schollmeier, the plaintiff below, was unable to personally serve defendant, and thereafter constructively served defendant by publication under section 49.011. However, and as plaintiff commendably concedes, substituted service by publication under section 49.011 is not authorized for this type of action, which sought a money judgment premised on an alleged breach of contract, breach of fiduciary duty, and breach of statutory duty of loyalty and care.[1] See Drury v. Nat'l Auto Lenders, Inc., 83 So. 3d 951 (Fla. 3d DCA 2012).

[1] Although plaintiff conceded on the merits that substitute service failed to acquire personal jurisdiction over defendant, plaintiff nevertheless contends that defendant failed to properly preserve the issue below and thus waived it on appeal. We reject this contention. Further, even if not properly preserved, plaintiff's failure to acquire personal jurisdiction over defendant, rendering the subsequent judgment void, can be raised as fundamental error on appeal. Kitchens v. Nationstar Mortg., LLC, 189 So. 3d 355 (Fla. 4th DCA 2016). See also Falkner v. Amerifirst Fed. Sav. and Loan Ass'n, 489 So. 2d 758 (Fla. 3d DCA 1986) (explaining that a void judgment is a legal nullity, deemed never to have had any legal force and effect, and may be attacked at any time); Sterling Factors Corp. v. U.S. Bank Nat'l Ass'n, 968 So. 2d 658 (Fla. 2d DCA 2007); Fisher v. State, 840 So. 2d 325 (Fla. 5th DCA 2003); M.L. Builders, Inc. v. Reserve Developers, LLP, 769 So. 2d 1079 (Fla. 4th DCA 2000). Finally, and given plaintiff's concession, no purpose would be served in remanding the cause for the trial court to consider the issue anew. See New England Rare Coin Galleries, Inc. v. Robertson, 506 So. 2d 1161 (Fla. 3d DCA 1987).

In the instant case, as in Drury,

> because a personal judgment against a defendant based upon constructive service of process would deprive a defendant of his property without due process of law, the service attempted in this case also is constitutionally deficient. Service by publication confers only in rem or quasi in rem jurisdiction upon a trial court. A personal money judgment necessitates in personam jurisdiction over the defendant.

Id. at 952 (citing Zieman v. Cosio, 578 So. 2d 332, 332-33 (Fla. 3d DCA 1991)) (additional citations omitted). See also Bedford Comput. Corp. v. Graphic Press, Inc., 484 So. 2d 1225, 1227 (Fla. 1986) (holding: "If constructive service must be used, then it confers only in rem or quasi in rem jurisdiction upon the court. A personal judgment against a defendant based upon constructive service of process would deprive a defendant of his property without due process of law"); New England Rare Coin Galleries, Inc. v. Robertson, 506 So. 2d 1161, 1162 (Fla. 3d DCA 1987) (reversing order denying motion to vacate default judgment and holding that service of process by publication under section 49.011 was not authorized for an action seeking damages for breach of contract, breach of warranty, fraud and negligent misrepresentation; such service failed to acquire personal jurisdiction over defendant, rendering subsequent default and default judgment void).

It is well settled: "Where substitute service of process is used, strict compliance with the statutes governing this form of service is essential to obtaining

valid personal jurisdiction over the defendant(s)." Fed. Nat. Mortg. Ass'n v. Fandino, 751 So. 2d 752, 753 (Fla. 3d DCA 2000), and cases cited. We recently explained the consequences flowing from a plaintiff's failure to strictly comply with statutes governing substitute service of process:

> The party seeking to establish jurisdiction through constructive service has the burden to establish the validity of service of process. Moreover, because lack of personal service raises due process issues, the plaintiff seeking constructive service must strictly comply with the requirements of Chapter 49 of the Florida Statutes. Therefore, the statute is strictly construed against the plaintiff seeking service under Chapter 49, and *absent strict compliance with the statute, service is improper and any resulting proceeding or judgment is void*.

Castro v. Charter Club, Inc., 114 So. 3d 1055, 1059 (Fla. 3d DCA 2013) (emphasis added) (citations omitted). See also Ressler v. Sena, 307 So. 2d 457 (Fla. 4th DCA 1975) (holding that constructive service of process by publication under section 49.011 was void in an action for damages arising out of an alleged breach of contract).

Although a trial court's denial of a rule 1.540 motion is ordinarily reviewed for an abuse of discretion, "[i]f it is determined that the judgment entered is void, the trial court has no discretion, but is obligated to vacate the judgment." Horton v. Rodriguez Espaillat y Asociados, 926 So. 2d 436, 437 (Fla. 3d DCA 2006) (quoting Dep't of Transp. v. Bailey, 603 So. 2d 1384, 1386-87 (Fla. 1st DCA 1992)). Because the default final judgment entered in this case was void and not merely voidable, the trial court erred in denying the motion to vacate that final

4

judgment. We therefore reverse the trial court's order and remand with directions to enter an order vacating the default final judgment and for further proceedings consistent with this opinion.[2]

---

[2] Because we reverse on this ground, we do not reach the merits of the additional points raised in this appeal.