DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN KORMAN** and **PAMELA KORMAN**
Appellants,

v.

**DAVID JAMES STERN** and
**LAW OFFICES OF DAVID J. STERN, P.A.,**
Appellees.

No. 4D19-919

[February 26, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard K. Coates Jr., Judge; L.T. Case No. 50-2016-CA-011903-XXXX-MB.

John Korman and Pamela Korman, Boca Raton, pro se.

Melissa A. Giasi of Giasi Law, P.A., Tampa, for appellee Law Offices of David J. Stern, P.A.

PER CURIAM.

The trial court vacated a default and subsequently dismissed appellants' second amended complaint against the Law Offices of David J. Stern, P.A. ("law firm") for failure to serve process for the second amended complaint. We find no error in the vacatur of the default and affirm without comment. However, because appellants had already effectuated valid service of process on the law firm for the first amended complaint, appellants were not required to again serve process for the second amended complaint. Therefore, we reverse the dismissal.

Appellants filed an amended complaint against the law firm and filed a verified return of service. After obtaining leave to amend, appellants filed a second amended complaint against the law firm, adding additional counts. The certificate of service at the end of the second amended complaint did not list the law firm, although it did certify service as to other defendants.

Following a motion by appellants, the clerk entered a default against

the law firm. The law firm moved to vacate the default due to appellants' failure to serve process on it. Appellants filed an affidavit, averring that they mailed a copy of the second amended complaint to the law firm's postal address. The trial court issued an order mistakenly granting a motion to dismiss—rather than a motion to vacate—based on *Kitchens v. Nationstar*, 189 So. 3d 355 (Fla. 4th DCA 2006). The trial court later issued a corrective order replacing the dismissal order with an order vacating the clerk's default. The corrective order did not contain any citation to *Kitchens*.

Subsequently, the law firm moved to dismiss the complaint based on appellants' failure to obtain a summons and serve the law firm with the second amended complaint. The trial court granted the motion, and appellants appealed.

Whether a party has complied with the statutory provisions governing service of process is a question of law reviewed de novo. *Vidal v. SunTrust Bank*, 41 So. 3d 401, 402 (Fla. 4th DCA 2010).

Because service of process had already been issued for the first amended complaint, service of process was not required for the second amended complaint. A "summons or other process" shall be issued "[u]pon the *commencement* of the action." Fla. R. Civ. P. 1.070(a) (emphasis added). "[S]ervice of the *initial process and initial pleading*" must be made within 120 days. Fla. R. Civ. P. 1.070(j) (emphasis added). Nothing in these rules suggest that service of process is required for an amended pleading. Rather, amended pleadings require only service, not service of process. *See Nussbaum v. Cooke*, 709 So. 2d 621, 622 (Fla. 4th DCA 1998) ("Further pleadings are served pursuant to Florida Rule of Civil Procedure 1.080, as the appellant did in this case by serving each amended complaint on appellees' attorney."); Fla. R. Civ. P. 1.190(a) (stating that a party may respond to an amended pleading "within 10 days *after service* of the amended pleading") (emphasis added).

*Kitchens* is inapplicable. In *Kitchens*, the clerk entered a default against the defendants for failing to respond to the plaintiff's complaint. 189 So. 3d at 355. Following the default, the plaintiff filed an amended complaint alleging a new count, but did not serve process on the defendant. *Id.* at 355-56. This court held that because the defendants were not served with process as to the amended complaint, the trial court could not properly enter a judgment based on the additional count alleged in the amended complaint. *Id.* at 356. In support, this court relied on Florida Rule of Judicial Administration 2.516(a), which states:

> [E]very pleading subsequent to the initial pleading . . . must be served in accordance with this rule on each party. *No service need be made on parties against whom a default has been entered, except that pleadings asserting new or additional claims against them must be served in the manner provided for service of summons.*

(emphasis added).

In this case, unlike in *Kitchens*, the complaint was amended to add new or additional claims before the trial court entered a default. Additionally, the trial court subsequently set aside the default. Therefore, rule 2.516(a) is not on point. This is not a case where a pleading asserted new or additional claims after a default was entered.

Although service of process was not required for the second amended complaint, service was still required. *See* Fla. R. Civ. P. 1.080(a) (requiring service of every pleading subsequent to the initial pleading); *accord* Fla. R. Jud. Admin. 2.516(a). The purpose of requiring service of every pleading is to satisfy the constitutional requirement of due process. *Stevens v. Nationstar Mortg., LLC,* 133 So. 3d 628, 629 (Fla. 5th DCA 2014). A certificate of service is "prima facie proof of such service in compliance with this rule." Fla. R. Jud. Admin. 2.516(f). In this case, the second amended complaint did not include the law firm in the certificate of service. Therefore, there is no prima facie proof of service. *See id.*; *Felipe v. Rincon,* 172 So. 3d 565, 566 n.2 (Fla. 5th DCA 2015) (stating that without a certificate of service, a party is not afforded the prima facie proof of service).

Appellants submitted an affidavit stating that they had mailed the second amended complaint to the law firm's postal address. Where a party is not represented by an attorney and has not designated an email address, service "must be made . . . by mailing it to the party . . . at their last known address." Fla. R. Jud. Admin. 2.516(b)(2). "Service by mail is complete upon mailing." *Id.* Even if this affidavit was insufficient to show service, the proper remedy would be to strike the second amended complaint, not dismissal of the action. *See Parker v. USA Servs. of Fla., Inc.,* 210 So. 3d 1284 (Fla. 2d DCA 2016) (noting that filings without a certificate of service would be stricken); *State ex rel. Gay v. State Pers. Bd. Rev.,* 714 N.E.2d 399 (Ohio 1999) (striking an amended complaint that did not include the required certificate of service).

In sum, the trial court erred in dismissing the lawsuit based on failure to serve process for the second amended complaint where process had already been served for the first amended complaint. We therefore reverse

the dismissal and remand for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

LEVINE, C.J., GROSS and DAMOORGIAN, JJ., concur.

\*　　\*　　\*

**Not final until disposition of timely filed motion for rehearing.**