# Third District Court of Appeal

## State of Florida

Opinion filed August 31, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-156
Lower Tribunal No. 20-13427
_____

**Josh Metnick,**
Appellant,

vs.

**Right of the Dot, LLC,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

The Brownlee Law Firm, P.A., and Michael M. Brownlee (Orlando), for appellant.

GrayRobinson, P.A., and Jack R. Reiter and Francesca Russo; and Greenberg & Lieberman, LLC, and Stevan Lieberman (Washington, DC), for appellee.

Before HENDON, GORDO, and BOKOR, JJ.

HENDON, J.

The defendant below, Josh Metnick ("Metnick"), appeals from an "Order Denying Defendant's Motion to Vacate Default and Default Final Judgment as Void, Motion to Quash Service of Process for Want of Personal Jurisdiction," entered in favor of the plaintiff below, Right of the Dot, LLC ("ROTD"). We reverse the order under review because service of process by publication under section 49.011, Florida Statutes (2021), is not authorized in an action seeking monetary damages for an alleged breach of contract.

**Facts:**

ROTD filed suit against Metnick, alleging in the First Amended Complaint as follows. Metnick, a resident of Illinois, entered into a contract with ROTD. Pursuant to the contract, Metnick agreed to submit to ROTD the domain name ‹ILLINOIS.COM› ("Domain") for ROTD to sell at auction, and Metnick agreed to pay ROTD 25% of the sale price as a brokerage fee commission. Thereafter, Metnick sent out a general e-mail informing people in the domain industry that he was placing the Domain on the market with ROTD's assistance. Metnick sold the Domain during the Exclusive Sales Period for $230,765, but Metnick has refused to pay ROTD the $57,691.25 brokerage fee due under the contract.

2

The First Amended Complaint sets forth one count labeled as "**COUNT 1 – BREACH OF CONTRACT**" (emphasis in original), asserting that as a result of Metnick refusing to pay the brokerage fee owed under the contract, "Metnick has breached the contract with ROTD." In the "Wherefore" clause, ROTD requested that the trial court enter judgment in its favor and against Metnick in the amount of $57,691.25 plus attorney's fees and costs. ROTD attached to the operative complaint its contract with Metnick, and Metnick's e-mail stating it was taking the Domain to market again, but this time with the help of GoDaddy and Martin Cahn, who is a domain broker with ROTD. The parties' contract provides that ROTD has the right to enforce the contract through a breach of contract action or "any other remedies that ROTD may have at law or in equity."

The summons was issued. After numerous failed attempts to personally serve Metnick, ROTD filed an affidavit of non-service of the summons and the First Amended Complaint, setting forth the attempts to personally serve Metnick. ROTD then filed an amended motion for leave to serve process by publication, mail, and e-mail, attaching the process server's affidavit of non-service, and asserting the attempts and actions taken in attempting to personally serve Metnick. The trial court entered an order granting ROTD's motion for service by publication, mail, and e-mail.

Despite being served by publication, Metnick failed to file a response to the First Amended Complaint. A default was entered against Metnick. ROTD then moved for a default final judgment, and the trial court entered a default final judgment against Metnick, awarding ROTD $57,691.25 in damages, $10,023 in attorney's fees, and $15 in costs, totaling $67,001.25.

Metnick filed a limited appearance to contest personal jurisdiction, and filed a motion to vacate the default and the default final judgment as void, and a motion to quash service of process for want of personal jurisdiction. Metnick argued that section 49.011 provides for service of process by publication only in certain enumerated types of cases, which does not include breach of contract cases seeking monetary damages. Further, even if service of process by publication was proper, the service did not comply with the statute.

Following ROTD's response, the trial court conducted a hearing. The trial court entered an order denying Metnick's motion to vacate and quash service of process. Metnick's appeal followed.

**Standard of Review:**

A trial court's ruling as to personal jurisdiction is reviewed de novo. See Wendt v. Horowitz, 822 So. 2d 1252, 1256 (Fla. 2002) (stating that a trial court's ruling as to personal jurisdiction is reviewed de novo).

4

**Discussion:**

Metnick argues that service of process by publication of the First Amended Complaint was improper under section 49.011. As such, the trial court failed to obtain personal jurisdiction over him, and the default final judgment entered against him his void and must be vacated. For the reasons that follow, we agree.

Service of process by publication is limited by section 49.011 to certain enumerated actions or proceedings. See § 49.011 ("Service of process by publication may be made in any court on any party identified in s. 49.021 in any action or proceeding: . . . [sections 49.011(1) through (15) enumerate the specific actions or proceedings].").  It is undisputed that an action for breach of contract seeking monetary damages is not enumerated in sections 49.011(1) through (15). See Demir v. Schollmeier, 273 So. 3d 59, 61 (Fla. 3d DCA 2018) ("[S]ubstituted service by publication under section 49.011 is not authorized for this type of action, which sought a money judgment premised on an alleged breach of contract[.]") (footnote omitted); see also Drury v. Nat'l Auto Lenders, Inc., 83 So. 3d 951, 952 (Fla. 3d DCA 2012) ("Service by publication confers only in rem or quasi in rem jurisdiction upon a trial court. A personal money judgment necessitates in personam jurisdiction over the defendant.").

5

Here, the parties dispute what type of action or proceeding is set forth in ROTD's First Amended Complaint. Metnick argues that ROTD's First Amended Complaint asserts an action for breach of contract seeking monetary damages, and therefore, service of process by publication was not authorized under section 49.011. In contrast, ROTD argues that at common law, an auctioneer obtains an equitable lien. Therefore, although the First Amended Complaint is premised on a breach of contract, "because ROTD also has a common law lien in equity, and the Contract recognized ROTD's equitable rights to pursue a commission from any proceeds Metnick received from the sale of the domain name, service by publication was authorized as a matter of law" under section 49.011(1). Section 49.011(1) recognizes the right to service by publication "[t]o enforce any legal or equitable lien or claim to any title or interest in real or personal property within the jurisdiction of the court or any fund held or debt owing by any party on whom process can be served within this state."

We agree with the position taken by Metnick. ROTD's First Amended Complaint does not seek or mention the enforcement of an equitable lien or "auctioneer's lien." Rather, the operative complaint seeks monetary damages for an alleged breach of contract. Assuming that Florida common law permits an auctioneer to obtain an equitable lien to secure payment of

6

a commission[1] and despite that the parties' contract provides that ROTD may seek "any other remedies that ROTD may have at law or in equity," the only relief sought by ROTD in the First Amended Complaint was damages for Metnick's alleged breach of contract.  Thus, under these circumstances, service of the First Amended Complaint by publication was not authorized under section 49.011.  As personal jurisdiction was not obtained over Metnick, the default final judgment is void, and the trial court erred by denying Metnick's motion to vacate the default and the default final judgment and to quash service of process.  See Demir, 273 So. 3d at 62 (stating that a trial court's denial of a rule 1.540 motion to vacate is ordinarily reviewed for an abuse of discretion, however, when the entered judgment is void, the trial court has no discretion, and is required to vacate the judgment).  Accordingly, we reverse the order under review.

As we have reversed the order under review because section 49.011 does not authorize service of process by publication for an action seeking monetary damages for an alleged breach of contract, we do not need to address Metnick's remaining argument that ROTD failed to establish that it conducted a diligent search to locate Metnick to personally serve him.

Reversed and remanded for further proceedings.

---

[1] We take no position as to whether Florida's common law recognizes the imposition of an "auctioneer's lien" for unpaid commissions.

7