RAWLS, Judge.
Plaintiff, Day-Tona Seabreeze, Inc., appealed a final order dismissing the cause for insufficiency of service of process.
*60 Day-Tona, owner of a motel in Daytona Beach, brought this action for damages for breach of a lease by its lessee, Thunderbird Operating Corporation, a Florida corporation organized by residents of New York. The lessee abandoned the motel prior to the expiration of the lease term and left in Florida no officers and no office.
The plaintiff attempted personal service under Section 47.17, Florida Statutes, F.S. A., but when it appeared that there were no resident agents, the procedure specified in Chapter 48, Florida Statutes, F.S.A., for service by publication was followed. Defendant moved to dismiss on the grounds that service of process was improper and insufficient, and the cause was dismissed.
Appellee contends that the trial judge correctly dismissed the action because:
1. The record does not affirmatively show whether plaintiff made inquiry to determine if the defendant had complied with Sections 47.34, 47.35 or 47.36, Florida Statutes, F.S.A., relating to designating an office and agent in the state or a Clerk of the Circuit Court as agent for receiving service of process.
2. After Chapter 11829, Laws of Florida, Acts of 1927, was repealed in 1941, there no longer existed any statutory authority for constructive service for an in personam action.
We find no merit to either contention and reverse.
In 1941 a hodgepodge of various and numerous constructive service statutes of extremely limited application were in force. Some applied only to unknown defendants, others to absent or nonresident defendants. One statute set forth the procedure for ejectment suits, another for specific performance cases and another for chancery cases. Among these was Chapter 11829, Acts of 1927, which governed service of process on corporations, required them to designate a place and agent for receiving service of process, and subjected those failing to comply to process by publication. The 1941 Legislature established order to this hodgepodge of legislation by repealing all laws or parts of laws relating to constructive service and enacting in lieu thereof one all-encompassing procedure entitled “1941 Constructive Service Act” which now appears as Chapter 48, Florida Statutes. In so doing the Legislature repealed that part of Chapter 11829 relating to constructive service on corporations, but retained that part (Sections 47.34-47.45) which directed corporations to designate an office and agent who could accept personal service of process. Among those sections not repealed is 47.44 which provides that this procedure is cumulative of all other laws and does not prevent service of process upon any corporation in accordance with other statutes. Another such statute is Section 47.17, originally enacted in 1829, which authorizes service upon the president of a domestic corporation or upon certain other officers.
Thus, the posture of law prior to 1941 was that jurisdiction in personam could be obtained over a domestic corporation by service upon a designated agent, office or certain officers. In enacting the cumulative Constructive Service Act, the 1941 Legislature did not require any specific affirmative showing that the plaintiff, prior to utilizing the act, had actually made inquiry with the Secretary of State to determine if the corporation designated an office and an agent or a Clerk of the Circuit Court as agent for receiving process.
Here, the plaintiff’s attorney filed the sworn statement required by Section 48.05, Florida Statutes, F.S.A. This statement follows the statutory requirements precisely and indicates that after diligent search and inquiry he located not only the president of the defendant corporation but its resident agent as well. The current addresses given for both of these persons are in New York State. In the absence of proof to the contrary this is sufficient *61 to show that personal service cannot be obtained under Section 47.17 or Sections 47.34-47.45. Therefore, plaintiff is entitled to use constructive service procedure if the statute authorizes same in this situation. We find that it does.
As previously noted, Chapter 48 was intended to establish one uniform procedure for service by publication. It is broad in scope. It applies in all types of actions where personal service cannot be had except in those where personal service of process or notice is required by the Statutes or the Constitution. It is specifically applicable against domestic corporations.
We conclude that Chapter 48 authorizes constructive service in this case; that plaintiff’s sworn statement was sufficient proof of a diligent and adequate search as against a mere unsworn motion to dismiss on the grounds of improper and insufficient service of process; and that the trial court had jurisdiction of the defendant in this cause.
Reversed and remanded.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.