420 So.2d 344 (1982)
Winifred E. HUGUENOR, Appellant,
v.
Thomas HUGUENOR, Individually, and As Guardian of the Person and Property of Florence P. Huguenor and Robert Huguenor, Appellee.
81-605.
District Court of Appeal of Florida, Fifth District.
October 6, 1982.
*345 Theodore F. Zentner of Becks, Becks & Wickersham, Daytona Beach, for appellant.
David A. Monaco of Cobb & Cole, P.A., Daytona Beach, for appellee.
ORFINGER, Chief Judge.
Appellant appeals from an order of the trial court denying a motion to set aside a default final judgment. We reverse.
Appellant Winifred Huguenor is the widow of Lloyd Huguenor, Jr., deceased, and before her removal, she was the personal representative of Lloyd, Jr.'s estate. In the first count of a two count complaint,[1] the appellees, as beneficiaries of a trust created in Illinois by the will of Lloyd Huguenor, Sr., sought relief against Lloyd, Jr.'s estate because of Lloyd Jr.'s alleged co-mingling of trust assets with his own while he was the trustee of his father's trust. In the second count, appellees sought a money judgment against Winifred Huguenor, alleging that while acting as personal representative of Lloyd, Jr.'s estate, she had converted to her own use certain bonds belonging to the estate, the proceeds of which she refused to return.
Constructive service of process by publication under chapter 49, Florida Statutes (1979), was had upon Winifred, who then resided in Great Britain. When no answer was filed, a default was entered by the Clerk. Upon motion by appellees that Count II represented a separate cause of action against Winifred which could proceed independently from Count I, the trial court severed Count II and subsequently entered a final money judgment on default against Winifred Huguenor. Winifred subsequently moved to set the judgment aside on the ground that it was void for lack of personal jurisdiction over her. The motion was denied and this appeal followed.
*346 Section 49.011, Florida Statutes, authorizes service of process by publication in certain enumerated actions or proceedings. This constructive service statute is strictly construed against the party who seeks to obtain service of process under it, McAlice v. Kirsch, 368 So.2d 401 (Fla.3d DCA 1979). The complaint must allege sufficient facts to show a cause of action for which constructive service is allowed under the statute, Gaskill v. May Brothers, Inc., 372 So.2d 98 (Fla.2d DCA 1979).
The action here is one for money damages based on the tort of conversion. It is simply not the type of action where service of process may be obtained by publication. See, e.g., Alan Restaurant Corp. v. Walder, 399 So.2d 1128 (Fla.4th DCA 1981); Drake v. Scharlau, 353 So.2d 961 (Fla.2d DCA 1978); Ressler v. Sena, 307 So.2d 457 (Fla.4th DCA 1975).
Appellee contends that because Winifred committed the tort while acting as the personal representative of Lloyd, Jr.'s estate in Volusia County, she becomes personally liable to interested persons under section 733.609 and section 733.619(2), Florida Statutes (1979), and thus amenable to the jurisdiction of the courts of this state under section 48.193, because she committed the tortious act in the state. She may very well be subject to the provisions of Florida's long-arm statute, but in personam jurisdiction cannot be obtained over her by service by publication.
Neither do we find that appellant submitted herself to the jurisdiction of the court. The only appearances before the court were for the purpose of contesting the court's jurisdiction over her, and do not constitute a general appearance such as will waive the jurisdictional argument. See Public Gas Co. v. Weatherhead Co., 409 So.2d 1026 (Fla. 1982).
The order denying appellant's motion to set aside the final judgment for lack of personal jurisdiction over appellant is reversed, and the cause is remanded with directions to set aside the final judgment.
REVERSED and REMANDED.
COBB and SHARP, JJ., concur.
NOTES
[1] The first count is not involved in this appeal. The count involved in this appeal is separate and distinct from and is not interrelated with the other count. See Mendez v. West Flagler Family Association, 303 So.2d 1 (Fla. 1974).