484 So.2d 1225 (1986)
BEDFORD COMPUTER CORP., Appellant,
v.
GRAPHIC PRESS, INC., Appellee.
No. 65921.
Supreme Court of Florida.
March 6, 1986.
*1226 Marc Rohr, Fort Lauderdale and Roger Jay Sharp, Manchester, N.H., for appellant.
Irving J. Whitman and Douglas M. Kramer of Whitman, Wolfe, Gross, Schaffel & Kramer, P.A., Miami and Jay M. Niederman, Manchester, N.H., for appellee.
PER CURIAM.
The United States Court of Appeals for the First Circuit has petitioned this Court for review of a question of law certified by it to be determinative of the cause and for which there is no controlling precedent from this Court. We have jurisdiction. Art. V, § 3(b)(6), Fla. Const.
A statement of the relevant facts involved in this litigation, taken from the Addendum to the Certification from the First Circuit, is as follows:
The Graphic Press, Inc. ("Graphic"), a Florida corporation, brought an action for breach of contract against Bedford Computer Corporation ("Bedford") in the 17th Judicial Circuit of Broward County, Florida, on November 24, 1982. The action arose from Graphic's purchase of defective computer equipment which Bedford had allegedly agreed to repurchase, later failing to do so. Bedford is a New Hampshire corporation with its principal place of business in Bedford, New Hampshire. Because Graphic determined that Bedford was not qualified to do business in Florida and had no agent in Florida upon whom process could be served, Graphic undertook to make service upon it by publication [pursuant to chapter 49, Florida Statutes (1983)] Publication was made in the Broward Review and Business Record, a newspaper published in the county where the court was located, once a week for four consecutive weeks. Copies of the complaint and of the publication were sent by certified mail to the defendant corporation at its correct business address in New Hampshire, and Bedford's attorney thereafter corresponded with plaintiff's attorney concerning the case. It is not asserted that Bedford was not fully apprised, in fact, of the pending Florida action.
The parties were unable to settle their differences. Defendant did not file an answer in the Florida court, and a default judgment was entered against it on May 16, 1983. Plaintiff then filed an action in the United States District Court for the District of New Hampshire seeking to enforce the judgment. Defendant answered the federal complaint claiming that the judgment was void because the Florida court lacked in personam jurisdiction. As there was no controversy on the facts, both parties moved for summary judgment. The district court ruled in favor of the plaintiff.
On appeal, the First Circuit found the matter sufficiently in doubt to warrant certifying the following questions to this Court:

*1227 (1) Can a Florida court obtain jurisdiction in personam over a non-resident corporation through constructive service of process under Fla. Stat. § 49.011, notice having been given not only by publication within Florida but also by certified mail addressed to defendant's correct out-of-state address (and actually received there by defendant)?
(2) If the answer to question (1) is in the negative, and assuming notice of the kind mentioned in that question is provided, would a Florida court obtain jurisdiction in personam over a non-resident corporation under some theory of Florida law other than is provided by Fla. Stat. §§ 49.011 et seq.?

We answer certified question (1) in the negative. The object of process is to warn the defendant that an action or proceeding has been commenced against him by the plaintiff, that he must appear within a time and at a place named and make such defense as he has, and that, in default of his so doing, a judgment will be asked or taken against him in a designated sum or for the other relief specified. Gribbel v. Henderson, 151 Fla. 712, 10 So.2d 734 (1942); Arcadia Citrus Growers Association v. Hollingsworth, 135 Fla. 322, 185 So. 431 (1938). Personal service upon a defendant is the most effective method to give notice to a defendant that a suit has been commenced against him.
In some instances, such as when a defendant is a nonresident of the state of Florida or if a resident is absent from the state or concealed so that personal service cannot be obtained, our statutes authorize constructive service by publication. Section 49.021, Florida Statutes (1983), states: "Where personal service of process cannot be had, service of process by publication may be had upon any party ..." Service by publication is less likely to provide effective notice to a defendant than personal service; thus, service by publication should only be used when necessary. See Burton v. Burton, 448 So.2d 1229 (Fla. 2d DCA 1984); Shefer v. Shefer, 440 So.2d 1319 (Fla. 3d DCA 1983); Taylor v. Lopez, 358 So.2d 69 (Fla. 3d DCA 1978).
If constructive service must be used, then it confers only in rem or quasi in rem jurisdiction upon the court. A personal judgment against a defendant based upon constructive service of process would deprive a defendant of his property without due process of law. Newton v. Bryan, 142 Fla. 14, 194 So. 282 (1940). The courts of this state have followed this rule in the context of contract disputes such as the one here. Gaskill v. May Brothers, Inc., 372 So.2d 98 (Fla. 2d DCA 1979); Shannon v. Great Southern Equipment Co., 326 So.2d 19 (Fla. 2d DCA 1976); Ressler v. Sena, 307 So.2d 457 (Fla. 4th DCA 1975); Clark v. Realty Investment Center, Inc., 252 So.2d 589 (Fla. 3d DCA 1971).
The fact that the defendant received actual notice of this lawsuit does not render the service of process valid. This Court held in Napolean B. Broward Drainage District v. Certain Lands Upon Which Taxes Were Due, 160 Fla. 120, 33 So.2d 716, 718 (Fla. 1948):
It is established law that when substituted or constructive service is substituted in place of or for personal service a strict and substantial compliance with the provisions of said statute must be shown in order to support the judgment or decree based on such substituted or constructive service. .. . The inquiry must be as to whether the requisites of the controlling statute have been complied with. .. . The fact that the defendant had actual knowledge of the attempted service cannot be relied upon to justify the failure of the plaintiff to strictly observe and substantially comply with a statute authorizing service by publication.
Accord, Panter v. Werbel-Roth Securities, Inc., 406 So.2d 1267 (Fla. 4th DCA 1981).
We also answer certified question (2) in the negative. Service by publication, even when it is accompanied by certified mail addressed to defendant's correct out-of-state address (and actually received there by defendant) is not enough to confer in personam jurisdiction over a non-resident corporation. There is no statutory provision *1228 authorizing service by mail, certified or otherwise, in Florida. We would point out to our legislature that there is no difference as far as defendant's apprisal of the pending lawsuit between the postal service personally delivering the complaint to the defendant's door and the sheriff personally doing the same. For this reason, we would suggest that the Florida legislature provide for service upon nonresidents of this state who fall within the jurisdiction of a Florida court by virtue of any of the long-arm statutes by registered or certified mail without the state. See M. Rohr, Personal Jurisdiction in Florida: Some Problems and Proposals, 5 Nova L.J. 365, 371, 463 (1981).
At this time, however, personal service upon the defendant is the only way to obtain a valid enforceable in personam judgment against him. Section 48.193(1)(g) would submit the defendant in the instant case to the jurisdiction of this court. However, section 48.194, Florida Statutes (1983), authorizes only personal service to be made on persons outside of this state. No showing has been made in this case why the defendant could not have been personally served in New Hampshire pursuant to section 48.194.
It is so ordered.
OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., concurs in result with an opinion.
ADKINS, J., dissents with an opinion.
BOYD, Chief Justice, concurring in the result.
I concur in the decision of the Court holding that under sections 49.011 and 49.021, Florida Statutes (1983), service of process by publication is not available under the facts of this case. While it is conceded that the defendant committed acts subjecting it to the jurisdiction of the Florida court under section 48.193(1)(g), Florida Statutes (1983), the method of service of process used in this case was legally inadequate to confer personal jurisdiction over the defendant.
Because the method of service of process was inadequate under the facts of the case, I agree that both certified questions must be answered in the negative. But it should be noted that had personal service of process been effected upon the defendant, the court could legally have asserted in personam jurisdiction over the defendant under the statutory authority found in section 48.193(1)(g).
I do not agree with the majority opinion's suggestion to the legislature that a change in the law is indicated or that the present provisions on service of process on nonresidents are inadequate. If it is advisable to dispense with the requirement of personal service of process in order to obtain in personam jurisdiction over nonresidents, then constructive service by publication with actual notice by mail should also be deemed adequate when the defendant resides within the state. I do not believe that the requirement of personal service of process should be dispensed with when the matter to be adjudicated depends on the existence of in personam jurisdiction.
The only provision of section 49.011 under which this case might reasonably be argued to be a proper case for service by publication is section 49.011(5), providing for such service of process in an action or proceeding "[f]or the construction of any will, deed, contract or other written instrument and for a judicial declaration or enforcement of any legal or equitable right, title, claim, lien or interest thereunder." But as the authorities cited in the majority opinion demonstrate, this provision does not authorize the assertion of the kind of personal jurisdiction required to adjudicate the action for damages presented by the complaint in this case.
I agree with the majority opinion that the fact that the defendant received actual notice by mail does not transform service by publication into valid personal service of process.
I agree with the majority opinion that service by publication is sufficient only *1229 when personal service is impossible. But it should be added that service by publication is also only available in cases coming within the provisions of section 49.011. The initial inquiry is whether the case is a proper one for such service of process. If it is, then the additional requirement that personal service "cannot be had" must be satisfied in order for constructive service to be legally sufficient.
I would hold that service by publication in this case was ineffective not only because of the lack of any showing that personal service could not be had but also because the case is not among those for which constructive service is authorized by section 49.011.
ADKINS, Justice, dissenting.
I would answer certified question (1) in the affirmative. The majority holds that in personam jurisdiction over a nonresident corporation may not be obtained through the use of service by publication under section 49.011, Florida Statutes (1983); rather, under Florida law constructive service is limited to use in in rem or quasi in rem actions. I disagree. Section 49.011, Florida Statutes (1983), governs the types of actions in which service by publication can be employed. Subsection (5) of that statute provides that constructive service by publication may be utilized in actions "[f]or the construction of any ... contract... and for a judicial declaration or enforcement of any legal or equitable right, title, claim, lien, or interest thereunder." There is nothing on the face of this statute which limits it to in rem or quasi in rem jurisdiction. Therefore, I would hold, as did the district judge in this action, that section 49.021(2), Florida Statutes (1983), allows service of process by publication to be made upon non-resident corporations whenever personal service of process is unavailable, and that Bedford's action fell squarely within the provisions of section 49.011(5).
According to the majority, the only proper way to have achieved in personam jurisdiction over this defendant is by section 48.193, Florida Statutes (1983), Florida's general long-arm statute. This section asserts the jurisdiction of the Florida courts over any "person" who does any of a number of enumerated acts for any cause of action arising from the doing of such acts. Subsection 2 of section 48.193 concerns the method of service of process authorized by the statute. It provides that "[s]ervice of process upon any person who is subject to the jurisdiction of the courts of this state as provided in this section [section 48.193] may be made by personally serving the process outside this state, as provided in section 48.194." (Emphasis added). The word "may" in the statute is clearly permissive, and I would disapprove those cases that hold to the contrary. Further, my conclusion that section 48.193 is not the exclusive means of obtaining in personam jurisdiction over a nonresident is supported by subsection (4), which provides that "[n]othing contained in this section shall limit or affect the right to serve any process in any other manner now or hereinafter provided by law."
This case is analogous to Day-Tona Seabreeze v. Thunderbird Operating Corp., 207 So.2d 59 (Fla. 1st DCA 1968), where the First District Court of Appeal held that in personam jurisdiction was achieved by service of process through publication over a domestic corporation whose president and resident agent were in New York and thus could not be served personally. Likewise, here, Bedford was not qualified to do business in Florida and had no agent in Florida upon whom process could be served. I would approve the first district's holding in Day-Tona.
Finally, of extreme importance to this case is the fact that Bedford did in fact receive actual notice of this pending lawsuit. Along with publication in the newspaper published in the Florida county where the court was located, copies of the complaint and of the publication were sent by certified mail to the defendant corporation at its correct business address in New Hampshire, and Bedford's attorney thereafter corresponded with Graphic's attorney *1230 concerning the case. The object of process is to warn the defendant that an action or proceeding has been commenced against him by the plaintiff, that he must appear within a time and at a place named and make such defense as he has, and that, in default of his so doing, a judgment will be asked or taken against him in a designated sum or for the other relief specified. Gribbel v. Henderson, 151 Fla. 712, 10 So.2d 734 (1942); Arcadia Citrus Growers Association v. Hollingsworth, 135 Fla. 322, 185 So. 431 (1938). It is crystal clear in this instance that the purpose of service of process was achieved. Bedford was, in fact, fully apprised of the pending lawsuit against it and had every opportunity to defend. In my opinion, the Florida legislature should provide for service by registered or certified mail addressed to nonresidents along with any other methods of service that would be constitutional and provide that any of these methods may be utilized in connection with any long-arm statute. See M. Rohr, Personal Jurisdiction in Florida: Some Problems and Proposals, 5 Nova L.J. 365, 371 (1981). The present statutory scheme compels undesirable results such as the one here, where there is no argument that the object of service of process has been fully served.
In conclusion, I would hold that in personam jurisdiction may be obtained upon a non-resident defendant by service by publication, where actual notice of the pending action is received by the defendant.