ORFINGER, Judge.
We reverse the order denying appellant’s motion for relief from judgment because it is clear from the record before us that the trial court did not have in personam jurisdiction over the appellant. Even if appellee is correct in its assertion that a money judgment can be obtained against a domestic corporation based on service of process by publication when no officers, directors or other agents of the corporation can be found within the state, *771 an issue we need not decide here,[1] the appellee did not comply with the requirements of section 49.051, Florida Statutes (1985) when its sworn statement recited that after diligent search and inquiry the place of residence of the persons upon whom service of process could be made was unknown. The record reveals that no service was attempted at Sunblest’s Orlando address shown in the agreement upon which this action was based, nor was any inquiry made at this address or at another address known to appellee where information as to the location of the sole corporate director of Sunblest could have been obtained. The constructive service statute is strictly construed against the party who seeks to obtain service of process under it. Huguenor v. Huguenor, 420 So.2d 344 (Fla. 5th DCA 1982).
REVERSED.
SHARP and COWART, JJ., concur.

. But see Bedford Computer Corp. v. Graphic Press, Inc., 484 So.2d 1225 (Fla.1986); Huguenor v. Huguenor, 420 So.2d 344 (Fla. 5th DCA 1982). Cf. Day-Tona Seabreeze, Inc. v. Thunderbird Operating Corp., 207 So.2d 59 (Fla. 1st DCA 1968).