578 So.2d 332 (1991)
Alden ZIEMAN, Appellant,
v.
Emilio COSIO, Appellee.
No. 90-1978.
District Court of Appeal of Florida, Third District.
April 2, 1991.
Hollander & Bartelstone and Howard Hollander, Miami, for appellant.
Mark A. Kamilar, Miami, for appellee.
Before BASKIN, FERGUSON and LEVY, JJ.
PER CURIAM.
Emilio Cosio, the prospective purchaser in a failed real estate transaction, filed an action for breach of contract, fraud, and rescission against the seller, Alden Zieman. After unsuccessfully attempting personal service, Cosio served Zieman by publication. See §§ 49.011, 49.021, Fla. Stat. (1989). The trial court entered a Final Judgment after Default awarding a money judgment against Zieman. Subsequently, the trial court denied Zieman's motion to set aside the judgment based on lack of personal jurisdiction. We reverse.
Cosio contends that service by publication was proper under section 49.011(2), Florida Statutes (1989). We disagree. The complaint seeks money damages and rescission of the contract, actions not enumerated in section 49.011, Florida Statutes (1989), which sets forth the cases in which service by publication is authorized. Bedford Computer Corp. v. Graphic Press, Inc., 484 So.2d 1225 (Fla. 1986); New England Rare Coin Galleries, Inc. v. Robertson, 506 So.2d 1161 (Fla. 3d DCA 1987); Alan Restaurant Corp. v. Walder, 399 So.2d 1128 (Fla. 4th DCA 1981); cf. Estate of Bobinger v. Deltona Corp., 563 So.2d 739, 748 (Fla. 2d DCA 1990). Moreover, "constructive service confers only in rem or quasi in rem jurisdiction upon the court." Bedford, 484 So.2d at 1227. Here, Cosio sought and received a personal money *333 judgment against Zieman.[1] Such a judgment necessitates in personam jurisdiction.[2]Bedford; Estate of Bobinger; New England Rare Coin Galleries. Accordingly, we reverse the order denying Zieman's motion to set aside the judgment and remand for further proceedings.
Reversed and remanded.
BASKIN and LEVY, JJ., concur.
FERGUSON, Judge, dissenting in part, concurring in part.
The threshold question is whether a court with in rem jurisdiction may order a return of a deposit which was paid pursuant to a contract for the purchase of real estate where entitlement to the relief necessitates a rescission of the contract. I disagree with the blanket majority holding that section 49.011, Florida Statutes (1989), does not permit service by publication in a cause of action for rescission.[1]
Zieman and Cosio entered into a contract to sell Cosio a tract of land. Zieman, the seller, was paid an $18,000 deposit, which Cosio contends is a fund subject to attachment for jurisdictional purposes. Cosio informed Zieman beforehand of his intended commercial use of the property and was assured by Zieman and his agent, Krueger, that the land could be used for that purpose. Cosio subsequently learned that an encumbrance prohibited the use of the land for its intended commercial purpose.
After fruitless negotiations with Zieman and his attorney for a cancellation of the contract, Cosio sued both Zieman and Krueger for breach of contract and rescission. Krueger, who was personally served, was named as a party making the mispresentation and was identified as Zieman's agent. Several efforts to serve Zieman proved futile. After a default had been entered on constructive service, Zieman's attorney appeared on a motion to set aside the default, but refused to accept service for his client.
Section 49.011, Florida Statutes (1989), controls. It provides:
Service of process by publication may be made in any court on any person mentioned in s. 49.021[2] in any action or proceeding:
(1) To enforce any ... equitable ... claim to any ... title or interest in ... any fund held[3] ... by any party on *334 whom process can be served within the state.
(Emphasis supplied). Three key facts are not disputed. The alternative cause of action for rescission is equitable in nature; the claim is for, among other things, a return of the deposit which is a fund as contemplated by the statute; the defendant, and his agent, are parties on whom process can be served within the state. Another material fact not answered by the record is whether the fund is within the state, and has been actually or constructively seized for jurisdictional purposes.
Whenever a court is called upon to decide a disputed claim to a fund, it must first examine the source from which the claimed right arises  a tort or contract. Therefore, this case cannot be disposed of, as the majority suggests, on the theory that it is an action on a contract which requires personal service on the defendant. To do so necessarily reads out of the statute the provision that service by publication will lie to enforce an equitable claim to an interest in a fund within the court's jurisdiction. Further, an action to rescind a contract, unlike a contract action against the person for damages, seeks a restoration of the parties to the positions they would have occupied had there been no contract, on the theory that the agreement was void from its inception. Glass v. Craig, 83 Fla. 408, 91 So. 332 (1922).
It has long been the law in this state that where a trial court has jurisdiction over a justiciable subject matter, and the statutes authorize constructive service of process in the suit which affords due process of law to the defendant, the court may proceed in the cause and may subject the property to appropriate orders and decrees. Gribbel v. Henderson, 151 Fla. 712, 10 So.2d 734 (1942), aff'd, 153 Fla. 397, 14 So.2d 809 (1943). In this case the action is more precisely a quasi-in-rem proceeding, where the judgment deals with the ownership of particular property, and operates only as between the particular parties to the proceeding. Id. The judgment for a return of particular property in this case, as in Miller v. Griffin, 99 Fla. 976, 128 So. 416 (1930), could operate only against the property and not against the person.
Section 49.011(1) does not itemize or limit the underlying causes of action where a court, with jurisdiction over a fund, may decide issues of status, ownership, or rights in the property. The statute confers power on the court to determine and enforce any claim of title or interest in a fund within its jurisdiction held by any party on whom process can be served by publication within the state. "The objects to be accomplished by process are to advise a defendant that an action or proceeding has been commenced against him ..., and warn him that he must appear within a time and at a place named and make such defense as he has, and that in default of his so doing, judgment against him will be applied for or taken in a designated sum, or for relief specified." Gribbel v. Henderson, 151 Fla. 712, 724, 10 So.2d 734, 739 (1942).
Zieman was given fair notice of the proceedings by published notice. Additionally, there was notice by personal service on Zieman's agent. The law assumes that property is always in the possession of its owner, in person or by agent, and it proceeds upon the theory that its constructive seizure from the agent will inform the owner that it has been subjected to the court's jurisdiction, and that the owner must look to any proceedings authorized by law for a disposition of the property. See Concrete Block & Wall Co. v. Knap, 102 So.2d 742, 745 (Fla. 3d DCA 1958) (citing Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877)). It was within the court's power, if it had jurisdiction over the fund, to declare the contract void and to adjudicate appellee's entitlement to a return of the deposit.
The majority places total reliance on the court's characterization of the relief granted as a fatal flaw on the jurisdictional issue. Jurisdiction is a matter of pleading and proof. See Fla.R.Civ.P., 1.110(b) and 1.120(a). The pleadings were sufficient to bring the cause within section 49.011, which provides for service by publication. What the appellee sought, in the alternative, was a return of the $18,000 fund plus interest and costs. That is all the final *335 decree granted. It was ordered, consistent with a claim for equitable relief, that the "Plaintiff hereby recover from the Defendant" the exact amount of the deposit plus interest. The deposit fund is specific personal property.[4] 42 Fla.Jur.2d Property § 8 (1983); see Belford Trucking Co. v. Zagar, 243 So.2d 646, 648 (Fla. 4th DCA 1970) (money is capable of identification where wrongful possession of such property is obtained).
I would direct that the cause be remanded for a determination whether the fund has been actually or constructively seized within the state. If it has not, the judgment should be reversed. Otherwise, the default judgment should be affirmed  less interest and costs.
NOTES
[1] The Final Judgment After Default states:

THIS ACTION was heard before this Honorable Court after entry of Default against Defendant, ALDEN ZIEMAN, and this Court having reviewed the file herein and being otherwise fully advised in the premises, it is hereupon
ORDERED AND ADJUDGED as follows:
1. Plaintiff hereby recover from the Defendant, ALDEN ZIEMAN, the sum of EIGHTEEN THOUSAND DOLLARS ($18,000.00) on principal; interest in the sum of THREE THOUSAND FOUR HUNDRED TWENTY DOLLARS ($3,420.00); costs in the amount of TWO HUNDRED SEVENTY FOUR DOLLARS AND 70/100 ($274.70) making a total of TWENTY ONE THOUSAND SIX HUNDRED NINETY FOUR DOLLARS AND 70/100 ($21,674.70), that shall bear interest at the rate of 12% per annum, for which let execution issue forthwith.
[2] The special concurrence construes the pleadings and the final judgment as if the trial court had quasi in rem jurisdiction premised on an action "[t]o enforce any ... equitable ... claim to any title or interest in ... any fund held ... by any party on whom process can be served within this state." § 49.011(1), Fla. Stat. (1989). The majority declines to do so.
[1] The majority's footnote challenge to the sufficiency of the pleadings to establish quasi-in-rem jurisdiction is academic in light of its disposition of the case on the substantive ground that rescission is not an available remedy where service is by publication.

On this point I note that Cosio pleaded a separate cause of action for rescission, requested a return of his $18,000 deposit, and perfected personal service on Zieman's real estate agent. The final judgment ordered that he "recover" the $18,000 deposit. Any jurisdictional defect in the complaint or the judgment is not apparent. See Lambert v. Lambert, 403 So.2d 484 (Fla. 1st DCA 1981) (court of equity can mold remedy to fit substance of the complaint, as all prayers in equity are considered to pray for general relief).
[2] The appellants are among those persons mentioned in section 49.021.
[3] We must presume that the legislature intended to give meaning to any express working provision in a statute. See Dickerson, The Interpretation and Application of Statutes, 232 (1975); Machado v. Musgrove, 519 So.2d 629, 635 (Fla. 3d DCA) (en banc) (uselessness will not be attributable to legislative acts), rev. denied, 529 So.2d 693 (Fla. 1988).
[4] A judgment directing that an act be done or that specific property be restored or transferred, as is the case here, is distinguished from an adjudication for the payment of a sum of money. Black's Law Dictionary 757 (5th Ed. 1979).