761 So.2d 1192 (2000)
SPRINGBROOK COMMONS, LTD., Appellant,
v.
Lakeisha BROWN, Appellee.
No. 4D99-4202.
District Court of Appeal of Florida, Fourth District.
June 28, 2000.
*1193 V. Donald Hilley of V. Donald Hilley, P.A., Palm Beach Gardens, for appellant.
No appearance for appellee.
KLEIN, J.
The county court has certified the following question as one of great public importance:

IN AN EVICTION ACTION WHICH ONLY OBTAINS THE RELIEF OF POSSESSION, AND NOTICE OF THE ACTION IS GIVEN ONLY BY POSTING THE COMPLAINT ON THE FRONT DOOR OF THE PROPERTY PURSUANT TO SECTION 48.183, FLORIDA STATUTES (1999), CAN THE COURT ENTER A MONEY JUDGMENT FOR COSTS AGAINST THE TENANT?
The trial court concluded that it could not assess costs because it did not have personal jurisdiction over the tenant. We affirm.
Appellant landlord brought this eviction action for failure to pay rent and, after two attempts at personal service were unsuccessful, served notice of the action by posting the complaint on the front door of the unit pursuant to section 48.183, Florida Statutes (1999). The appellee tenant did not respond. A final judgment of eviction was entered, but the court refused to award costs.
Judge Evans, in his order denying costs, reasoned:
A judgment for court costs would act as a personal money judgment against *1194 the Defendants which may be enforced against their assets as any other personal money judgment. Generally, the plaintiff must personally serve the defendant when a personal judgment is sought. Bedford Computer Corp. v. Graphic Press, Inc., 484 So.2d 1225 (Fla. 1986); Gribbel v. Henderson, 151 Fla. 712, 10 So.2d 734 (Fla.1942); Zieman v. Cosio, 578 So.2d 332 (Fla. 3d DCA 1991); Huguenor v. Huguenor, 420 So.2d 344 (Fla. 5th DCA 1982). The purpose of process is to provide defendant adequate notice which is reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); Greene v. Lindsey, 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982). The most adequate manner of providing notice is personal service upon defendant. The effect of personal service is to convey upon the court the jurisdiction to render personal money judgments against the defendant. Bedford Computer Corp., 484 So.2d at 1228; Zieman, 578 So.2d at 333.
The issue presented by this case is a basic one concerning the very power of the court. It is axiomatic that the court must have power to act. If the court is to exercise its power over a person it must have jurisdiction over that individual. It is also clear that the court can obtain in rem jurisdiction over a thing or a piece of property, without obtaining in personam jurisdiction over the individual. In the absence of personal service or a statutorily permitted alternative, the court lacks jurisdiction to enter a personal judgment against the defendant. Bedford Computer Corp., 484 So.2d at 1228; Zieman, 578 So.2d at 333. However, the courts have realized that personal service is not always possible and have upheld statutory alternatives to personal service of process in areas where individual interest in property is involved. These alternative methods generally only convey in rem or quasi in rem jurisdiction upon the court. Bedford Computer Corp., 484 So.2d at 1228; Zieman, 578 So.2d at 333.
* * *
In Greene v. Lindsay, 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982) the Court held that service upon property provides adequate notice to defendants for any claims against the property thereby conferring jurisdiction upon the court to hear the matter concerning the property. Although posting provides adequate service upon property for the person obtaining possession, substitute service does not confer jurisdiction upon the person of the defendant. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877); Bedford Computer Corp., 484 So.2d at 1228; Zieman, 578 So.2d at 333. Service by posting is adequate to determine interest in the property but is not sufficient to obtain personal jurisdiction over the defendants for the purpose of entering a money judgment, which may be enforced against other assets.
We agree with Judge Evans' reasoning and adopt it as our own. We reject the landlord's argument that section 83.59(4), Florida Statutes (1999), which provides that the prevailing party in an action for possession is entitled to costs, compels a different result. If this tenant had been personally served, the landlord would be entitled to costs under the statute, but in the absence of personal service, a costs judgment would violate due process. Bedford Computer Corp., 484 So.2d at 1227. We therefore answer the certified question in the negative and affirm.
POLEN and HAZOURI, JJ., concur.