982 So.2d 1199 (2008)
Angel L. LORIE, Jr., Global Management Securities, Ltd., et al., Appellants,
v.
Luis Santos CALDERON, Teresa Gabarra Balsells, et al., Appellees.
No. 3D07-2519.
District Court of Appeal of Florida, Third District.
May 21, 2008.
*1200 David and Joseph, and Allan Joseph, Orlando, for appellants.
Kluger Peretz Kaplan & Berlin, and Jorge Espinosa, and Michael Tschupp; Jason A. Setchen, Miami, for appellees.
Before COPE, RAMIREZ, and CORTIÑAS, JJ.
RAMIREZ, J.
Appellants seek reversal of the trial court's order quashing and setting aside final judgment. We affirm on the basis that service of process was defective and violated due process, and the default judgment was therefore improper.
In the early 1990's, Mr. Luis Santos Calderon and nine others (hereinafter the "Spanish Investors"), all Spanish residents, together with a Spanish investment Company, invested over five million dollars in certain high-risk investments promoted by Angel Lorie, Jr. and his companies.
*1201 In 1995, the Spanish Investors and Spanish Investment Company filed a complaint against Lorie alleging securities fraud, RICO violations, and breach of contracts (hereinafter "the 1995 case"). The Circuit Court granted a temporary injunction enjoining Lorie from continuing his highly suspect financial activities. The Spanish Investors and Investment Company posted a $250,000 bond on the injunction. Subsequently, the Securities and Exchange Commission barred Lorie from engaging in certain prohibited investment schemes after he pled guilty to conspiracy to commit, and committing, securities fraud.
During a deposition in the case, one of the Spanish Investors, Mr. Calderon, walked out and did not return. Mr. Calderon and the other Spanish Investors effectively abandoned the litigation and their bond, and terminated their relationship with their U.S. law firm.
The trial court issued orders requiring the Spanish Investors to appear for deposition. When they failed to appear, the trial court struck the Spanish Investors' pleadings and entered judgment against them awarding Lorie attorney's fees. The Spanish Investors' U.S. counsel was allowed to withdraw in 1999 and had no further contact with the Spanish Investors.
Lorie later filed a suit seeking damages and collection of the injunction bond (hereinafter "the 2000 case"). Lorie filed this suit as an in rem proceeding and asked, and the court agreed to, service by publication. Lorie made no effort to locate and personally serve any of the Spanish Investors even though Lorie knew of at least one investor's address.
Lorie subsequently amended his complaint alleging a damages claim against the Spanish Investors personally. Lorie relied on the initial service by publication. When no response to the amended complaint was filed, a default judgment was granted in the 2000 case against the Spanish Investors in the amount of $16,464,732.08.
In 2005, the Spanish Investors' counsel met with Lorie regarding the 1995 judgment. At this meeting, the Spanish Investors were told of the amended complaint filed against their clients in the U.S. Despite repeated requests, Spanish counsel was not given any documentation or information about the 2000 case. U.S. counsel was hired to investigate the matter. U.S. counsel subsequently discovered the $16,464,732.08 judgment against the Spanish Investors.
The Spanish Investors filed a motion to quash service and vacate the default final judgment based on the fact that they never received notice of the 2000 lawsuit. The trial court granted that motion. Lorie now appeals.
"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Additionally, notice by publication is not sufficient with respect to an individual whose name and address are known or easily ascertainable. Robinson v. Hanrahan, 409 U.S. 38, 40, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972).
In the affidavit in support of the amended claim, Lorie clearly listed the address of at least one of the Spanish Investors. At the very least, Lorie had an obligation to attempt personal service upon this individual, plus all of the Investors whose addresses could be ascertained with reasonable diligence. No such effort was *1202 ever made. Despite the fact that Lorie's counsel submitted an affidavit in support of service by publication which stated the conclusion that he had engaged in due diligence, the trial court found this unpersuasive. Service of process was insufficient and therefore defective and in violation of due process.
Even if the service of process was sufficient insofar as the in rem proceedings, it was absolutely insufficient once the complaint was amended to state an in personam damages claim. A defendant must be personally served in order to obtain a money judgment against him or her. Honegger v. Coastal Fertilizer & Supply, Inc., 712 So.2d 1161 (Fla. 2d DCA 1998); Zieman v. Cosio, 578 So.2d 332 (Fla. 3d DCA 1991). Constructive service confers only in rem or quasi in rem jurisdiction upon the court. Zieman, 578 So.2d at 332. A personal judgment against a defendant based on constructive service would deprive a defendant of his property without due process of law. See Bedford Computer Corp. v. Graphic Press, Inc., 484 So.2d 1225, 1227 (Fla.1986).
Here, no attempt was ever made to personally serve any of the Spanish Investors. Service by publication did not give the trial court jurisdiction over this in personam proceeding. Accordingly, service was insufficient to confer jurisdiction upon the trial court to render the judgment at issue in this case.
Service was improper both initially and after amendment of the complaint. Additionally, no notice was provided during the course of the proceedings and no attempt at personal service was ever made. We therefore find that the Spanish Investors had no notice whatsoever of this suit or of the judgment rendered against them. The judgment therefore violates due process of law and is void.
Based on the foregoing, we affirm the trial court's order quashing and setting aside the final judgment.