SHEPHERD, J.
 

 This is an appeal from an order denying Mark Drury’s motion, brought pursuant to Florida Rule of Civil Procedure 1.540(b)(4), for relief from a default money judgment obtained against him after he was served with process by publication pursuant to section 49.011, Florida Statutes (2009), on the ground the judgment is void. We find the trial court erred in denying the motion.
 

 
 *952
 
 This case arises out of an action by National Auto Lenders, Inc. against Drury for breach of a personal guaranty. National Auto attempted to serve Drury personally at his gated home in Nassau County, but failed, despite the fact it appeared the house was occupied and records indicated Drury resided there. Justifiably concluding Drury was evading service, National Auto then served Drury by publication under section 49.011, Florida Statutes. Although counsel for Drury's failed corporation, also a defendant, knew of the filing of the complaint against Drury and attempted service, Drury elected not to respond. Ultimately, National Auto obtained a final default judgment against Drury personally in the sum of $114,298.32.
 

 After receiving a post-judgment order to complete a fact information sheet, divulging his income and assets pursuant to Florida Rule of Civil Procedure 1.560(b), which had been mailed to the same Nassau County address at which service had been attempted, Drury filed a motion for relief from the default judgment, asserting service by publication pursuant to section 49.011 was neither a statutorily authorized nor a constitutionally sufficient method of securing the in personam jurisdiction over him necessary to sustain the default final judgment. We agree with Drury.
 

 Service of process by publication is authorized only under certain enumerated instances listed under section 49.011 of the Florida Statutes. “[Sjtrict and substantial compliance with the provisions of [the] statute must be shown in order to support the judgment.... ”
 
 Napoleon B. Broward Drainage Distr. v. Certain Lands Upon Which Taxes Due,
 
 160 Fla. 120, 83 So.2d 716, 718 (Fla.1948). National Auto argues service by publication was proper in this case under section 49.011(1) of the Florida Statutes (2009), authorizing service by publication “[t]o enforce any legal or equitable lien or claim to any ... debt owing by any party on whom process can be served within this state.” (Emphasis added). However, this subsection of 49.011 of the Florida Statutes does not apply to an action filed to obtain a judgment on a personal guaranty. Such an action for our purposes is akin to and legally indistinguishable from an action for breach of contract, on which this Court has concluded that service by publication does not lie.
 
 See Zieman v. Cosio,
 
 578 So.2d 332, 332 (Fla. 3d DCA 1991) (finding actions for money damages and rescission of the contract are not actions enumerated in section 49.011);
 
 see also Meiliunas v. O’Leary,
 
 483 So.2d 509, 510 (Fla. 4th DCA 1986) (holding suit on a promissory note was not type of case in which service by publication can be utilized). Service by publication to enforce a personal guaranty is not authorized under the statute.
 

 Moreover, because “[a] personal judgment against a defendant based upon constructive service of process would deprive a defendant of his property without due process of law,”
 
 see Bedford Computer Corp. v. Graphic Press, Inc.,
 
 484 So.2d 1225, 1227 (Fla.1986) (citing
 
 Newton v. Bryan,
 
 142 Fla. 14, 194 So. 282 (1940)), the service attempted in this case also is constitutionally deficient. Service by publication confers only in rem or quasi in rem jurisdiction upon a trial court.
 
 Zieman,
 
 578 So.2d at 332. A personal money judgment necessitates in personam jurisdiction over the defendant.
 
 See id.
 
 at 333.
 

 The fact that Drury likely was evading personal service of process and might even have had actual knowledge of the existence of the action against him is legally irrelevant to our decision.
 
 See Napoleon,
 
 33 So.2d at 718 (“The fact that the defendant had actual knowledge of the attempted service cannot be relied upon to justify ... service by publication”). Section 48.161 of
 
 *953
 
 the Florida Statutes delineates the proper method for achieving substituted service of process upon a person concealing his whereabouts in this state.
 
 See Hernandez v. State Farm Mut. Auto. Ins. Co.,
 
 32 So.3d 695, 699 (Fla. 4th DCA 2010). We reverse the order on appeal with the direction to the trial court to vacate the final judgment.
 

 Reversed and remanded for further proceedings.