COHEN, J.
Alexander Milanick appeals a non-final order denying his motion to quash and dismiss the proceeding. He argues that the case should have been dismissed based on the State’s failure to personally serve him. We agree and reverse.
The instant action was brought by the State pursuant to section 112.317(7), Florida Statutes, which authorizes the State to bring a civil action to recover costs and fees awarded by the Florida Commission on Ethics. Previously, the Florida Commission on Ethics had entered an order against Milanick with which Milanick never complied.
The State attempted to personally serve Milanick but was unsuccessful; thus, it constructively served him instead. Mi-lanick filed a notice of special appearance and motion to quash and dismiss the proceeding on the ground that he had not been personally served with process and that the trial court lacked jurisdiction over him. The State responded by admitting that it failed to personally serve Milanick *35 and filing a proof of service by publication. The trial court denied Milanick’s motion, ruling that the case was a debt enforcement case and that constructive service was sufficient to confer personal jurisdiction under section 49.011(1), Florida Statutes. This timely appeal followed.
Section 49.011, Florida Statutes, provides that service by publication may be made in any action or proceeding “[t]o enforce any legal or equitable lien or claim to any title or interest in real or personal property within the jurisdiction of the court or any fund held or debt owing by any party on whom process can be served within [Florida].” § 49.011(1), Fla. Stat. (2013). The case law is clear, however, that constructive service by publication under this statute cannot confer a court with jurisdiction over a person. See Drury v. Nat’l Auto Lenders, Inc., 83 So.3d 951, 952 (Fla. 3d DCA 2012) (“Service by publication confers only in rem or quasi in rem jurisdiction upon a trial court. A personal money judgment necessitates in personam jurisdiction over the defendant.” (citation omitted)); Huguenor v. Huguenor, 420 So.2d 344, 346 (Fla. 5th DCA 1982) (“[The defendant] may very well be subject to the provisions of Florida’s long-arm statute, but in personam jurisdiction cannot be obtained over her by service by publication.”); Shannon v. Great S. Equip. Co., 326 So.2d 19, 20 (Fla. 2d DCA 1976) (“As noted, the original action against Shelter sounded In personam. If such an action is to be prosecuted against one on whom personal service cannot be effected it must be brought ‘quasi in rem’ and directed against property (which may include a debt owed) belonging to the defendant found in this state.”). Moreover, section 49.011 must be strictly construed against the party who seeks to obtain service under it. Huguenor, 420 So.2d at 346.
Here, the State concedes that it is proceeding in personam rather than in rem or quasi in rem. Thus, because the State never personally served Milanick, we are compelled to reverse.
REVERSED and REMANDED.
TORPY, C.J., and EVANDER, J„ concur.