IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PAUL ARCHER,

      Appellant,

v.                                                                           Case No.  5D16-1970

U.S. BANK NATIONAL ASSOCIATION,
NOT IN ITS INDIVIDUAL CAPACITY BUT
SOLELY AS TRUSTEE OF SW REMIC
TRUST 2014-1,

      Appellee.

_____/

Opinion filed March 31, 2017

Non-Final Appeal from the Circuit
Court for Orange County,
Margaret H. Schreiber, Judge.

Melissa Alfonso and Adam H. Sudbury,
Apellie Legal, Orlando, for Appellant.

Diana B. Matson, Debbie Satyal and
Joshua R. Levine of Baker, Donelson,
Bearman, Caldwell & Berkowitz, PC, Fort
Lauderdale, for Appellee.

COHEN, C.J.

      Paul Archer appeals from a nonfinal order denying his motion to quash

constructive service of process in this foreclosure case. Because the nonfinal order did

not determine personal jurisdiction over Archer, it is not appealable under Florida Rule of

Appellate Procedure 9.130(a)(3)(C)(i), and this Court lacks jurisdiction. We therefore dismiss the appeal.

This case began when an in rem action to foreclose was filed against property that was subject to a mortgage executed by Archer. U.S. Bank National Association was ultimately substituted as party plaintiff in this case. After personal service was attempted on Archer, to no avail, U.S. Bank constructively served Archer by publication. Archer moved to quash the constructive service based on U.S. Bank's alleged failure to comply with the diligent search requirements set forth in sections 49.031 and 49.041, Florida Statutes (2013). The trial court denied the motion to quash. The court's order does not refer to personal jurisdiction, and no assertion of personal jurisdiction was made in the trial court.

This Court has previously held that, absent a determination regarding personal jurisdiction, the denial of a motion to quash constructive service is not an appealable nonfinal order. See, e.g., Koniecpolski v. Stelnicki, 571 So. 2d 577, 578 (Fla. 5th DCA 1990) (dismissing appeal because Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i) does not vest jurisdiction in this Court over nonfinal order denying motion to quash constructive service of process in foreclosure proceeding when order does not determine jurisdiction of the person). "The case law is clear . . . that constructive service by publication under [section 49.011(1), Florida Statutes] cannot confer a court with jurisdiction over a person." Milanick v. State, 147 So. 3d 34, 35 (Fla. 5th DCA 2014). Rather, constructive service confers only in rem jurisdiction on the trial court. See Bedford Computer Corp. v. Graphic Press, Inc., 484 So. 2d 1225, 1227 (Fla. 1986). Indeed, personal jurisdiction is not required to initiate a foreclosure action because foreclosure

2

proceedings instituted against the subject property are in rem proceedings.[1] See, e.g., NCNB Nat'l Bank of Fla. v. Pyramid Corp., 497 So. 2d 1353, 1355 (Fla. 4th DCA 1986); see also § 49.011(1), Fla. Stat. (2013).

Additionally, Archer's motion to dismiss, filed in conjunction with the motion to quash, alleged that dismissal was appropriate because the service was untimely under Florida Rule of Civil Procedure 1.070(j). However, "an order denying a motion to dismiss that is based on untimely service under rule 1.070(j) is not an order which determines 'jurisdiction of the person' and therefore is not directly appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i)." Traylor Bros., Inc. v. Shipman, 758 So. 2d 91, 91 (Fla. 2000).

Thus, this Court lacks jurisdiction because the rules of appellate procedure do not permit review of this nonfinal order.

DISMISSED.


SAWAYA and EDWARDS, JJ., concur.

---

[1] Conversely, if the plaintiff is seeking a deficiency judgment in a foreclosure proceeding, a trial court must have personal jurisdiction over the defendant. See Carter v. Kingsley Bank, 587 So. 2d 567, 569 (Fla. 1st DCA 1991).