DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAN WINCOR,**
Appellant,

v.

**VELLA POTASH,**
Appellee.

No. 4D16-4351

[October 11, 2017]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia Wood, Judge; L.T. Case No. CACE 16-004962.

Thomas Erskine Ice of Ice Appellate, Lake Worth, for appellant.

Oscar A. Gomez of EPGD Business Law, Coral Gables, for appellee.

### *ON MOTION FOR REHEARING*

PER CURIAM.

We grant the motion for rehearing, withdraw our prior opinion, and substitute this opinion in its place.

The defendant appeals a non-final order determining the jurisdiction of the person, which was entered after the defendant filed his Second Amended Motion to Quash Service. He makes several arguments. We find merit in only one of them. We affirm in part, reverse in part, and remand the case to the trial court.

The plaintiff filed a second amended complaint that alleged the defendant had taken possession of the plaintiff's real property, had denied her access to the property, and has refused to vacate the property. The second amended complaint pleaded counts for unlawful detainer, civil theft and exploitation, fraud, unlawful filing of false documents, undue influence, and unjust enrichment. The plaintiff served the defendant by posting a copy of the summons and complaint on the property, pursuant to section 82.061, Florida Statutes (2016). That statute provides for

posted service for unlawful detainer actions.

In his Second Amended Motion to Quash, the defendant argued among other things that the posting was insufficient to obtain service over him. Alternatively, he argued that even if posted service was effective for the unlawful detainer count, it was insufficient to obtain jurisdiction over him for the remaining counts of the complaint that sought other relief, including monetary damages. He cited *Springbrook Commons, Ltd. v. Brown*, 761 So. 2d 1192, 1194 (Fla. 4th DCA 2000) ("Service by posting is adequate to determine interest in the property but is not sufficient to obtain personal jurisdiction over the defendants for the purpose of entering a money judgment, which may be enforced against other assets.").

The trial court denied the motion, and ordered the defendant to answer the entire complaint. From that order, the defendant has now appealed.

We affirm the order to the extent that it denied the motion to quash service for the unlawful detainer count. The court correctly found that service was properly made in accordance with the statute. We reverse the order to the extent that it denied the motion to quash service with respect to the remaining counts. On remand, the trial court shall grant the motion to quash service of process as to all counts except the unlawful detainer count.

*Affirmed in part; reversed in part and remanded.*

WARNER, MAY and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2