DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROGER F. QUISENBERRY,**
Appellant,

v.

**DOUGLAS M. BATES,**
Appellee.

No. 4D20-2252

[February 1, 2023]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. CACE18-016637.

Andrew M. Schwartz of Andrew M. Schwartz, P.A., Boca Raton, and Christopher S. Salivar of Christopher S. Salivar, P.L.L.C., Delray Beach, for appellant.

Douglas M. Bates, Lauderdale by the Sea, and Jennifer S. Carroll of Law Offices of Jennifer S. Carroll, P.A., Jupiter, for appellee.

*ON MOTION FOR REHEARING, REHEARING EN BANC, AND MOTION TO CERTIFY QUESTIONS TO FLORIDA SUPREME COURT*

KUNTZ, J.

Douglas Bates moves for rehearing, rehearing en banc, and to certify questions to the Florida Supreme Court. We deny Bates' motions but sua sponte withdraw our prior opinion and issue this opinion in its place. No motion for rehearing will be permitted and the Clerk of Court is directed to issue the mandate upon issuance of this opinion.

Roger Quisenberry appeals the circuit court's order denying his motion to quash service of process and vacate a clerk's default. We originally dismissed the appeal as to the denial of the motion to vacate the clerk's default but allowed the appeal to proceed as to the denial of the motion to quash service of process. After briefing, we vacated our earlier dismissal order and reinstated the appeal "as to the [circuit court's] order denying the appellant's motion to vacate the clerk's default." We now reverse the

circuit court's order denying Quisenberry's motion to quash service of process. Because service of process was deficient, we also reverse the circuit court's order denying Quisenberry's motion to vacate the clerk's default.

*Background*

Douglas Bates represented Quisenberry in a suit to foreclose a code enforcement lien. A dispute arose over the payment of legal fees, and Bates filed a complaint seeking damages from Quisenberry for breach of contract and unjust enrichment. After a process server made several attempts to serve Quisenberry with the complaint, Bates submitted a sworn statement for constructive service. Bates stated that Quisenberry was concealing himself, and Bates did not know of anyone else in the state upon whom service could be made. A notice of action was issued which stated that a default would be entered if Quisenberry did not respond to the complaint. The notice of action was mailed to Quisenberry and published in the Broward Daily Business Review once a week for four straight weeks. A clerk's default was later entered because Quisenberry did not respond to the notice of action.

One year later, an attorney filed a notice of limited appearance on Quisenberry's behalf. On the same day, the attorney moved to vacate the clerk's default and quash service of process. Quisenberry maintained that service of process should be quashed, and that the clerk's default should be vacated, because constructive service by publication did not confer personal jurisdiction upon the court in a breach of contract case. He argued that if Bates believed Quisenberry was concealing himself to avoid personal service, he should have served him under section 48.161, Florida Statutes (2020) ("Method of substituted service on nonresident").

Bates did not dispute that constructive service was an insufficient basis for the circuit court to assert personal jurisdiction over Quisenberry. Instead, he argued that Quisenberry waived any challenge to service of process or personal jurisdiction by avoiding personal service and then failing to timely respond to the notice of action. The circuit court denied the motion without explanation.

*Analysis*

As in the circuit court, Bates acknowledges constructive service of process was improper but argues Quisenberry waived his challenge. We disagree.

2

Constructive service by publication can be used only in the types of cases listed in section 49.011, Florida Statutes (2020). "If constructive service [is] used, . . . it confers only in rem or quasi in rem jurisdiction upon the court." *Bedford Comput. Corp. v. Graphic Press, Inc.*, 484 So. 2d 1225, 1227 (Fla. 1986). It does not confer in personam jurisdiction sufficient to support a personal money judgment. *See id.* For that reason, "section 49.011 is not authorized for this type of action, which sought a money judgment premised on an alleged breach of contract, breach of fiduciary duty, and breach of statutory duty of loyalty and care." *Demir v. Schollmeier*, 273 So. 3d 59, 61 (Fla. 3d DCA 2018).

Constructive service was not authorized and, as a result, the fact that Quisenberry "likely was evading personal service of process and might even have had actual knowledge of the existence of the action against him is legally irrelevant to our decision." *Drury v. Nat'l Auto Lenders, Inc.*, 83 So. 3d 951, 952 (Fla. 3d DCA 2012). The service of process is void and "constitutionally deficient." *Id.* And because the service of process is void the clerk lacked the authority to enter a default. *See Chigurupati v. Progressive Am. Ins. Co.*, 132 So. 3d 263, 265-66 (Fla. 4th DCA 2013); *New England Rare Coin Galleries, Inc. v. Robertson*, 506 So. 2d 1161 (Fla. 3d DCA 1987).

*Conclusion*

We reverse the court's order denying Quisenberry's motion to quash and motion to vacate the clerk's default. We remand for further proceedings, including allowing Bates the opportunity to serve Quisenberry in accordance with Florida law.

*Reversed and remanded.*

WARNER and FORST, JJ., concur.

\*       \*       \*

**FINAL UPON RELEASE; NO MOTION FOR REHEARING WILL BE ENTERTAINED; MANDATE ISSUED SIMULTANEOUSLY WITH OPINION.**