SALTER, J.
 

 This is an appeal from an order denying a motion filed in 2007 to set aside a default final judgment entered and recorded in 1993. We affirm because the motion and affidavit fail to assert excusable neglect, due diligence, or the existence of a meritorious defense.
 
 Lazcar Int’l Inc. v. Caraballo,
 
 957 So.2d 1191 (Fla. 3d DCA 2007).
 

 The appellant argued below and here that he never received various pleadings and the default final judgment in 1992 and 1993. The circuit court file on the case was destroyed in 1998, however, and the appellant has not been able to obtain and file copies of the pleadings to support his allegations. “The appellant has the burden to submit to this court a record adequate to support the appeal.”
 
 Chisholm v. Chisholm,
 
 538 So.2d 961, 962 (Fla. 3d DCA 1989) (citations omitted).
 

 Moreover, the final judgment was recorded among the public records in 1993. The appellant has advanced no reason for simply ignoring, for so many years, a lawsuit he knew had been filed and served upon him in 1990. And although an amended complaint apparently
 
 [1]
 
 was filed after appellant’s counsel withdrew, there was no obligation to serve it by process upon appellant if that pleading did not contain “new or additional claims.”
 
 See
 
 Fla. R. Civ. P. 1.080(a);
 
 Scheb v. Shalam Imports, Inc.,
 
 656 So.2d 956 (Fla. 2d DCA 1995).
 

 The cautionary message to parties who have been sued and then elect to proceed without legal representation is this: keep a watchful eye on the case, whether by inspecting the court file or checking the on-line docket. The fact that a self-represented person does not receive further mailings regarding the case does not itself protect her or him from an adverse judgment, because certificates of service by counsel are presumptively valid. Ignoring a lawsuit after service of the original complaint (and absent dismissal with prejudice of all claims) is the legal equivalent of ignoring the dashboard signal for “no brakes” in a rapidly-moving automobile.
 

 The order denying the motion to vacate is affirmed.
 

 [1]
 

 . The electronic docket for the case contains an entry indicating that an amended complaint was authorized in early 1993.