SALTER, J.
Mr. and Mrs. Wolff appeal a non-final order vacating a prior default final judgment against the appellee, Michael J. Piwko, for money damages. We reverse and remand for reinstatement of the final judgment.
The Wolffs leased a house to Piwko, a Florida-licensed real estate salesperson, for a term of 18 months. The parties entered into a written lease. After Piwko failed to make the August 2009 rent payment, the Wolffs commenced an action in county court seeking eviction and holdover (double) rent for the months following the end of the lease term. Piwko answered and filed a counterclaim alleging his right *374 to exercise an option to purchase the property at a price $100,000 below the fair market value of the home at time of exercise, and less a credit equal to one-half of the total rent paid by Piwko to that time. Piwko then filed a motion, granted by the county court, to transfer the case to circuit court on the ground that the amounts in controversy exceeded the county court’s jurisdiction.
After the case was transferred to circuit court, the parties amended their pleadings. Among other amendments, the Wolffs alleged that the purported option was fraudulently prepared by Piwko. To this point, both sides were represented by counsel.
Piwko’s counsel at the time[1] filed a motion to withdraw in May 2010. The motion was granted the following month. As the address for the service of pleadings after his withdrawal, Piwko’s counsel provided the address of Piwko’s uncle’s real estate sales office (an address also designated for purposes of Piwko’s real estate sales license, and one which Piwko had provided when his deposition was taken in the case). That address was specified as the address for further notices to Piwko in the order granting Piwko’s attorney’s motion to withdraw.
Thereafter, Piwko failed to make a payment of rent into the registry of the court as required by section 83.232, Florida Statutes (2010). On the Wolffs’ motion (served by mail to Piwko’s office address), the court entered a final summary judgment of eviction and a writ of possession.
After the Wolffs recovered possession of the home, they alleged that Piwko “had intentionally caused considerable destruction to [the Wolffs’] residence, including punching and kicking holes in the walls throughout the residence; removing and striping [sic] electrical wire from the outlets and filling the walls and subject ceiling with bullet holes.” These allegations were supported by photographs of the damages and became an additional count for money damages in the Wolffs’ third amended complaint. Piwko did not obtain new counsel, provide any updated address information, or file a response to the third amended complaint.
In September 2010, the Wolffs moved for a default. After the Wolffs filed depositions and affidavits, the circuit court entered a default final judgment for $72,542.64 against Piwko on February 16, 2011. The motion, a notice of hearing on the motion, and the later default final judgment, were all served by mail at Piwko’s office address specified in the earlier order granting his attorney’s motion to withdraw.
On February 14, 2012 — 364 days after the entry and recordation of the default final judgment — two law firms signed and filed Piwko’s “emergency motion for relief from a default final judgment.” The motion was not verified, but was accompanied by an affidavit signed by Piwko. Piwko complained that the order allowing withdrawal of his counsel did not include his correct address (though he admitted that he had been a real estate sales associate with his license address at that location until October 1, 2010). He alleged that he had never received any legal documents sent to that office address. As to his discovery of the default final judgment, Piwko claimed that he had been surprised to learn of that judgment “recently,” but with no date specified for his actual knowledge. The motion and affidavit did not argue or demonstrate excusable neglect or *375 due diligence, nor did it attach a proposed responsive pleading (with a purportedly meritorious defense) addressing the Wolffs’ third amended complaint.
Instead, Piwko’s emergency motion to vacate the default final judgment argued a lack of due process — a claim that the address was not an address authorized by Piwko, and that the actual non-receipt of the third amended complaint and supporting documents rendered the judgment void. The trial court granted the motion and vacated the default final judgment. The Wolffs have appealed that non-final order.

Analysis

Piwko’s emergency motion did not establish any of the three requisite elements supporting a motion to vacate a default judgment on grounds of “excusable neglect” under Florida Rule of Civil Procedure 1.540(b): “(1) the failure to file a responsive pleading was the result of excusable neglect; (2) the moving party has a meritorious defense; and (3) the moving party acted with due diligence in seeking relief from the default.” Lazcar Int’l, Inc. v. Caraballo, 957 So.2d 1191, 1192 (Fla. 3d DCA 2007). The order on appeal was not granted on any of those bases. Instead, the issue before us is whether the trial court properly found that the mailing of pleadings and notices to Piwko did not comport with due process, when all of those papers were sent to his address of record in the court order authorizing the withdrawal of his counsel.
Piwko’s first argument is that the Wolffs used “a former office address with no suite number.” The responses are obvious, numerous, and persuasive: the suite number was not supplied in the address provided by Piwko’s attorney for purposes of future mailings to Piwko; Piwko did not include a suite number when he provided his office address during his deposition; the Wolffs’ attorney provided an affidavit in response to the motion to vacate the default final judgment, including a confirmation that none of the mail addressed to Piwko at the office address had been returned as undelivered; the office was operated by Piwko’s uncle, with whom Piwko had worked; and Piwko never provided an updated or more reliable address to the court or to the Wolffs’ counsel. No one from the real estate office indicated in an affidavit or otherwise that the pleadings served at that address were not received there. We have cautioned pro se parties previously:
The cautionary message to parties who have been sued and then elect to proceed without legal representation is this: keep a watchful eye on the case, whether by inspecting the court file or checking the on-line docket. The fact that a self-represented person does not receive further mailings regarding the case does not itself protect her or him from an adverse judgment, because certificates of counsel are presumptively valid. Ignoring a lawsuit after service of the original complaint (and absent dismissal with prejudice of all claims) is the legal equivalent of ignoring the dashboard signal for “no brakes” in a rapidly-moving automobile.
Whitney v. A Aventura Chiropractic Care Ctr., Inc., 21 So.3d 95, 96 (Fla. 3d DCA 2009).
Piwko’s next argument is equally unavailing. He argues that Florida Rule of Civil Procedure 1.080(a) required the service of the third amended complaint (containing a new claim) “in the manner provided for service of summons.” The cases cited by him, and the complete text of the sentence in Rule 1.080(a), impel a different conclusion. The full sentence that is pertinent is: “No service need be made on parties against whom a default has been entered, except that pleadings asserting new or additional claims against them shall be served in the manner provided for service of summons.” Id.
*376 The motion to amend and third amended complaint were served by mail on Piwko before the entry of default against him. Piwko responds that the summary eviction order, based on his failure to pay rent into the court registry, must be considered a “default” for purposes of Rule 1.080(a). We disagree. Section 83.232(5), Florida Statutes (2010), states: “Failure of the tenant to pay the rent into the court registry pursuant to court order shall be deemed an absolute waiver of the tenant’s defenses. In such ease, the landlord is entitled to an immediate default for possession without further notice or hearing thereon.” (Emphasis supplied). The loss of Piwko’s right of possession did not extend to the Wolffs’ money damages claims. The “final judgment of summary eviction” did not enter a default in the circuit court case itself or against Piwko on the Wolffs’ remaining claims for money damages (neither that judgment nor the writ of possession includes any reference to “default”). The eviction judgment specifically reserved jurisdiction over the remaining claims and any right to attorney’s fees. Such a reservation of jurisdiction does not automatically pretermit any subsequent amendment by the plaintiff as occurred here. Piwko’s “reliance” on his “limited exposure” was not justified; the lawsuit was still being prosecuted and had not progressed to trial as of the date he admits he decided to stop paying attention to the case.
The plenary default in the case (the default final judgment) was entered after Piwko failed to respond to the motion to amend, third amended complaint, motion for default, notice of hearing on the motion for default, and the Wolffs’ filings establishing their damages and attorney’s fees. Those pleadings and notices were served by mail before the default final judgment was entered, not after default, and thus did not require service pursuant to Rule 1.080(a) in the manner provided for service of summons. Quintero-Chadid Corp. v. Gersten, 582 So.2d 685, 687 (Fla. 3d DCA 1991).
Ultimately, and crediting the trial court’s conclusion that Piwko did not receive the motion to amend and third amended complaint, the motion for default, and the notices of hearing, we do know that Piwko somehow learned of the entry of the default final judgment. But because Piwko did not advise the trial court of the date he obtained actual notice, there could be no assessment of his diligence in moving to vacate the judgment. Nor, because Piwko failed to establish (a) his reasons for failing to provide a complete and updated address for service to the court and the Wolffs’ counsel, and (b) any meritorious defense[2] to the Wolffs’ claims, Piwko’s motion under Rule 1.540 fell short. Piwko’s own failure to take the requisite steps to protect his interests is not a sufficient basis upon which to vacate the default final judgment. See Masot v. Hoteles Doral, C.A., 645 So.2d 184 (Fla. 3d DCA 1994).
Reversed and remanded, with directions to reinstate the default final judgment entered February 16, 2011.

. Piwko’s appellate counsel here did not represent him in the proceedings in the circuit and county courts.

. If Piwko is correct that the default final judgment amount must be reduced by $20,000 following the Wolffs' withdrawal of that amount from the registry of the court (as alleged in paragraph 17 of his affidavit below), he can demand that the Wolffs deliver a partial satisfaction of die reinstated judgment to that extent and, if that is not forthcoming, seek an evidentiary hearing and relief under Rule 1.540(b)(5) on that limited point. We express no view regarding Piwko’s contention or entitlement to any such relief.