# Third District Court of Appeal

## State of Florida

Opinion filed March 30, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1586
Lower Tribunal No. 09-74098

_____


**Lidia E. Contreras,**
Appellant,

vs.

**Nelson E. Mendez,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Sean P. O'Connor, for appellant.

Patino & Associates, and Karen J. Barnet-Backer, for appellee.


Before ROTHENBERG, LAGOA and SALTER, JJ.

PER CURIAM.

Lidia Contreras, plaintiff below, appeals a circuit court order vacating an

April 2013 order striking the defendant's affirmative defenses and a May 2013

amended final judgment in favor of Contreras granting rescission of a quitclaim deed. The amended final judgment expressly stated that it would "act as a duly executed instrument of conveyance" transferring the defendant's interest in the subject residential property to Contreras. The order and amended final judgment were entered following the withdrawal of the defendant's counsel and the entry of an order allowing the defendant time (a) to retain successor counsel or (b) represent himself with service of subsequent papers at a designated residence.

The defendant, appellee Nelson Mendez, did not seek review of the order or amended judgment, and took no action in the case for two years after the entry of the amended final judgment. During that period he did not update the service address in the court papers or request counsel for Contreras to copy him via email.

Following those years of inaction, in May 2015, Mendez retained counsel and filed a motion seeking to vacate the 2013 order and amended final judgment under Florida Rules of Civil Procedure 1.540(b)(3) (fraud, misrepresentation, or other misconduct of an adverse party) and 1.540(b)(4) (void judgment or decree). The trial court granted Mendez's motion, and this appeal followed.

We reverse. The claim for relief under Rule 1.540(b)(3) was untimely, as the rule specifies that such a motion must be brought within one year after entry of the judgment or decree (the exception regarding fraudulent financial affidavits in marital cases is inapplicable).

2

The claim for relief under Rule 1.540(b)(4) is also unavailing, though such a motion is timely if made within a "reasonable time." The claim fails because the order and amended judgment in question were not "void," but were, at best, subject to challenge as "voidable." "Although the case law on the void/voidable distinction could draw clearer lines, generally so long as a court has jurisdiction over the subject matter and a party, a procedural defect occurring before the entry of judgment does not render a judgment void." Sterling Factors Corp. v. U.S. Bank Nat'l Ass'n, 968 So. 2d 658 (Fla. 2d DCA 2007) (internal citation omitted).

In this case, it was undisputed that the trial court had jurisdiction over the subject matter and over the defendant. Procedural defects such as the alleged failure to receive pleadings (though addressed to the residence identified by defendant's initial counsel and never updated or corrected by the defendant) might have been corrected through motions filed within the year applicable to claims for relief under Rule 1.540(b)(1), (2), or (3), but Mendez filed no such motion.

Simply stated, this is not a case in which a judgment is void because the defendant was never served with the initial summons and complaint. Rather, it is a case in which the defendant initially appeared and defended, permitted his counsel to withdraw, and then neglected to monitor the publicly-available docket or assure that an address of record for service of papers was current and reliable. We have repeatedly cautioned pro se parties that such behavior is fraught with peril. Wolff

v. Piwko, 104 So. 3d 372 (Fla. 3d DCA 2012); Whitney v. A Aventura Chiropractic Care Ctr., Inc., 21 So. 3d 95 (Fla. 3d DCA 2009).

Reversed and remanded for reinstatement of the amended final judgment.