# Third District Court of Appeal

## State of Florida

Opinion filed August 10, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1666
Lower Tribunal No. 18-34176
_____

**Birol Karan, et al.,**
Appellants,

vs.

**Omar Pernia,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

Brodsky Fotiu-Wojtowicz, PLLC, and Robert S. Visca, Daniel L. Humphrey, and Benjamin H. Brodsky, for appellants.

Homer Bonner Jacobs Ortiz, P.A., and Jose A. Ortiz and Antonio M. Hernandez, Jr., for appellee.

Before EMAS, SCALES and HENDON, JJ.

PER CURIAM.

Birol Karan and South Motors Group, LLC (defendants below) appeal an order denying their motion to vacate final judgment entered against them and in favor of Omar Pernia (plaintiff below). We review such an order under a standard of gross abuse of discretion. Rodriguez v. Falcones, 314 So. 3d 469, 471 (Fla. 3d DCA 2020); Cellular Warehouse, Inc. v. GH Cellular, LLC, 957 So. 2d 662, 664 (Fla. 3d DCA 2007). See also Brivis Enterprises, Inc. v. Von Plinski, 8 So. 3d 1208, 1209 (Fla. 3d DCA 2009) (noting the distinction between our standard of review of an order denying motion to vacate interlocutory order of default ("mere abuse of discretion") and an order denying a motion to vacate a default final judgment ("gross abuse of discretion")).

Pursuant to Florida Rule of Civil Procedure 1.540(b), a judge may vacate a default judgment where the moving party has demonstrated excusable neglect and has established a meritorious defense and due diligence in seeking to vacate the judgment. Falcones, 314 So. 3d at 471. "In order to show excusable neglect, the moving party 'must produce sufficient evidence of mistake, accident, excusable neglect or surprise as contemplated by rule 1.540(b) before the court's equity jurisdiction may be invoked.'" Id. at 472 (internal citations omitted).

Upon our review of the record in this case, including a transcript of the evidentiary hearing, we find no gross abuse of discretion in the trial court's order denying the motion, and affirm. See also Contreras v. Mendez, 194 So. 3d 396, 397 (Fla. 3d DCA 2016) ("Simply stated, this is not a case in which a judgment is void because the defendant was never served with the initial summons and complaint. Rather, it is a case in which the defendant initially appeared and defended, permitted his counsel to withdraw, and then neglected to monitor the publicly-available docket or assure that an address of record for service of papers was current and reliable. We have repeatedly cautioned pro se parties that such behavior is fraught with peril") (citing Wolff v. Piwko, 104 So. 3d 372 (Fla. 3d DCA 2012) and Whitney v. A Aventura Chiropractic Care Ctr., Inc., 21 So. 3d 95 (Fla. 3d DCA 2009)).